LOUISE G. HERMAN *vs.* JENNIE S. WATSON, administratrix.

Plymouth. May 8, 1953. — July 7, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Executor and Administrator*, Limitation of actions, Claim barred by short statute of limitations.

A decedent's creditor who, within six months after the decedent's administrator gave bond, brought against the administrator an action wherein prematurity under G. L. (Ter. Ed.) c. 197, § 1, was pleaded and there was judgment for the defendant, was not precluded from obtaining relief in equity under § 10 on the alleged ground that because of such action his claim had been "prosecuted . . . within the time limited by" § 9, as amended: "the time limited by" § 9, read with § 1, is the last six months of the year following the giving of bond.

BILL IN EQUITY, filed in the Superior Court on September 29, 1952.

The suit was heard by *Fairhurst*, J., on demurrer.

*Willis A. Downs*, for the plaintiff.

*Edward H. Stevens*, for the defendant.

COUNIHAN, J. This is an appeal from a final decree dismissing a bill of complaint after an interlocutory decree sustaining a demurrer. The bill was brought pursuant to G. L. (Ter. Ed.) c. 197, § 10,[1] to obtain judgment upon a claim barred by c. 197, § 9, as amended by St. 1933, c. 221, § 4, in a manner not here material. The defendant is the administratrix of the estate of George H. Ingalls, late of Brockton. She was duly appointed and qualified by furnishing the bond required by law on June 6, 1951.

The bill alleges in effect that the deceased on or about July 14, 1943, requested the plaintiff to become his housekeeper, nurse and companion, and promised to pay her for such services by leaving a will the provisions of which would

---

[1] For this statute see footnote in *First Portland National Bank* v. *Taylor*, 323 Mass. 492, 493.

fully compensate her. The plaintiff acted as requested up to the time of the death of Ingalls, who left no will and had paid her nothing for her services during his lifetime. If seasonably brought an action at law upon this claim could have been maintained against the defendant. *Turner* v. *White,* 329 Mass. 549.

An action on this claim was brought by the plaintiff against the defendant, but "as a result of a mistake, inadvertence, accident, or error," it was commenced within six months after the defendant furnished the bond above referred to. The defendant in answer pleaded a general denial and payment. Before that action was reached for trial, on August 30, 1952, more than a year after the furnishing of the bond, the defendant was allowed to amend her answer by setting up that the action was prematurely brought by reason of c. 197, § 1, which provides that an administratrix "shall not be held to answer to an action by a creditor of the deceased commenced within six months after . . . [her] giving bond for the performance of . . . [her] trust," with exceptions not here material. That action was tried by a judge without jury upon the pleadings and a statement of agreed facts which only incorporated the facts set forth in the pleadings, and judgment was entered for the defendant on September 29, 1952.

On this last mentioned day the plaintiff brought this bill alleging that she was not guilty of culpable neglect in failing to prosecute her claim within the time prescribed by c. 197, § 9, in that she had engaged one whom she believed to be a competent attorney to prosecute her claim against the defendant and that the attorney and not she had failed to do it within the time so limited. She further alleged that she had lost her right to proceed at law because the defendant waited until after the expiration of a year before moving to amend the answer in the law action she had brought, and a new action was barred. To this bill the defendant demurred for the reason "That the petitioner has prosecuted her claim within the time limited by G. L. c. 197, § 9, and therefore has no cause in equity."

The only question for us to decide is whether the order of the judge sustaining the demurrer is correct. We are of opinion that it was not.

In the present posture of this case we need not consider whether an allegation was necessary in the bill that "justice and equity" required that relief be granted in accordance with § 10 for that point was not raised by the demurrer. Likewise we need not consider the question of "culpable neglect" for the absence of it was admitted by the demurrer.

This is a bill, as we have said, under § 10 which is intended to afford relief to a creditor "whose claim has not been prosecuted *within the time limited by the preceding section* . . ." (emphasis supplied). Section 9, which is the preceding section, so far as pertinent reads, "*Except as provided in this chapter* [emphasis supplied], an . . . administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond . . . ." This section must therefore be read and construed in connection with § 1 of c. 197 which bars an action commenced within six months from the time of furnishing the bond. The time therefore in which such actions may be brought is restricted by c. 197 to the last six months of the year after the giving of the bond. Manifestly no such action was brought by the plaintiff within such period and it was error to sustain the demurrer upon the ground relied upon in it.

It has been said, "The case before us, however, relates to an ordinary common law claim in personam for damages. In such a case as this the running of the statute of limitations bars the remedy but does not destroy the right." *Mulligan* v. *Hilton*, 305 Mass. 5, 10–11. See *Segal* v. *Switzer*, 305 Mass. 27, 28. So it is here that the action which was barred by § 1 affected only the remedy by which the claim was then sought to be enforced and did not destroy the right to prosecute the claim within the time prescribed by § 9. If such action had been seasonably brought the plaintiff could have maintained her action.

Failing to act seasonably without culpable neglect, if justice and equity require it, she should be permitted to proceed under § 10.

> *Interlocutory decree reversed.*
> *Final decree reversed with costs of this appeal.*