332 Mass. 290 (1955)
124 N.E.2d 521
MEYER LEMBERSKY
vs.
PAROLE BOARD OF THE DEPARTMENT OF CORRECTION.
Supreme Judicial Court of Massachusetts, Suffolk.
November 3, 1954.
February 17, 1955.
Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.
Francis Juggins & Robert R. Clark, for the petitioner.
George Fingold, Attorney General, Joseph H. Sharrillo & Daniel J. Finn, Assistant Attorneys General, for the respondent.
RONAN, J.
This is an appeal by the petitioner, a prisoner at the State prison, from a judgment dismissing his petition for a writ of mandamus to require the respondents, constituting the parole board, to grant him a certificate of discharge.
*291 It appears that the petitioner was convicted and sentenced in the Superior Court on September 25, 1942, for a term of from eight to twelve years for the commission of a felony in July, 1937. The nature or character of the offence is not disclosed by the record. He was granted a parole on January 24, 1948, which was cancelled for violation of its terms on June 29, 1950, and he was returned to prison on February 18, 1953, where he has since been detained. The parole board on September 15, 1953, ordered forfeited his good conduct time amounting to 864 days for violation of his parole. His credit amounting to 456 days for satisfactory work was left unchanged. The petitioner contends that legislation subsequent to the commission of his offence results in increasing his punishment and especially that the board had no authority to deprive him of his good conduct time.
As the law stood in 1937 a prisoner who had been sentenced to State prison for a crime committed prior to January 1, 1896, was entitled to have deducted from his sentence because of good conduct a certain number of days monthly according to a schedule allowing a maximum credit of six days for each month upon a sentence of ten years or more, and one so sentenced for a crime committed after the last mentioned date was entitled because of good conduct to a permit to be at liberty after serving the minimum term of his sentence. Permits to be at liberty to either class of prisoners were to be upon such terms and conditions as the board issuing the permits might prescribe. G.L. (Ter. Ed.) c. 127, §§ 130, 133. Such a prisoner was then also subject to G.L. (Ter. Ed.) c. 127, § 139, providing that the board of parole shall have the power to revoke, revise, alter, or amend a permit to be at liberty to any person sentenced to the State prison; § 147 providing that the permit shall be void for violation of any of its terms and conditions or for the violation of any law of the Commonwealth; § 148 providing that the board granting a permit to be at liberty may revoke it at any time previous to its expiration; and § 149 providing that the board upon revocation of the permit may *292 order the prisoner to be returned to prison where he shall be detained according to his original sentence and the time between his release upon a permit and his return shall not be considered as any part of his original sentence, and if at the time of revocation of his permit the prisoner is confined in any prison, service of the order for his return shall not be made until his release therefrom.
The distinction in the deduction from sentences of prisoners sentenced for crime committed before or after January 1, 1896, was abolished by St. 1938, c. 264. It is on this statute that the petitioner principally relies in his contention that his punishment was increased by subsequent legislation with reference to reduction of his sentence for good conduct. This chapter in so far as material provided that one sentenced to State prison shall be entitled to a deduction, from his maximum term, of six days for each month for good conduct where, as here, the maximum sentence is for ten years or more, and shall receive a written permit to be at liberty during the time so deducted upon such terms as the board granting the permit may prescribe; that the commissioner of correction upon evidence submitted by the warden shall decide what part of the deduction shall be forfeited for violation of the rules of the prison; and that all deductions shall be forfeited if the prisoner during the term of imprisonment shall commit any offense of which he shall be convicted. The chapter expressly applies to prisoners sentenced before or after its effective date. This chapter did not designate the terms and conditions upon which a permit should be granted but left the matter entirely to the parole board except that one condition would be that the holder of a permit should reside in a place approved by the board. The specific contention is that he was deprived of the deduction for good behavior given by this statute on his sentence which was imposed on September 25, 1942, when St. 1941, c. 690, was in effect. He attempts to treat St. 1938, c. 264, separate and apart from the four sections of G.L. (Ter. Ed.) c. 127 above mentioned, §§ 139, 147, 148, 149, with which c. 264 must be construed as parts of a *293 harmonious system granting permits to prisoners to be at liberty. Sheldon v. Boston & Albany Railroad, 172 Mass. 180. Commonwealth v. Welosky, 276 Mass. 398, 401. Armburg v. Boston & Maine Railroad, 276 Mass. 418, 426. Davis v. School Committee of Somerville, 307 Mass. 354, 361. Hardman v. Collector of Taxes of North Adams, 317 Mass. 439. Herman v. Watson, 330 Mass. 414. The result is that St. 1938, c. 264, providing for the granting of permits to be at liberty for good conduct, was subject to the conditions imposed by the four sections above mentioned relative to said permits. Furthermore, it may be pointed out that in 1937 when the crime was committed and during the period that St. 1938, c. 264, was in force one returned to prison for violation of the terms of a permit to be at liberty was to be detained therein according to his original sentence. G.L. (Ter. Ed.) c. 127, § 149.
The principal contention of the petitioner is that his right to a permit to be at liberty for a deduction for good behavior was made more onerous by G.L. (Ter. Ed.) c. 127, § 129, as appearing in St. 1941, c. 690, § 2, especially when this section is compared with St. 1938, c. 264. It is well settled, of course, that one cannot be convicted and sentenced for doing an act which was not a crime when it was performed but was condemned be some subsequent statute. Neither can he be subjected to a penalty more severe than that in force when the act was performed. Neither can he be convicted in accordance with a subsequent statute which changes the rules of evidence to his detriment or which alters his situation to his detriment. Cummings v. State, 4 Wall. 277. Kring v. Missouri, 107 U.S. 221. Duncan v. Missouri, 152 U.S. 377. Commonwealth v. McDonough, 13 Allen, 581. Murphy v. Commonwealth, 172 Mass. 264. He has no just complaint because he is sentenced under a statute which provides for a less onerous penalty than the one in effect at the time the crime was committed. Commonwealth v. Wyman, 12 Cush. 237, 239. Commonwealth v. Gardner, 11 Gray, 438, 445. Commonwealth v. McKenney, 14 Gray, 1. Dolan v. Thomas, 12 Allen, 421. Commonwealth v. Phelps, *294 210 Mass. 78. Commonwealth v. Bellino, 320 Mass. 635, 641-642. Commonwealth v. Vaughn, 329 Mass. 333, 339.
When the petitioner was sentenced St. 1941, c. 690, was in full force and effect. Chapter 690 by § 2 struck out §§ 129 to 139, inclusive, of G.L. (Ter. Ed.) c. 127 as then last amended and in their place substituted nine new sections. The petitioner contends that the effect of this chapter was to place more restrictions upon the granting of deductions for good behavior than did the previous law. Deductions for good behavior provided by a statute are a part of the sentence imposed by the court and a lessening of the term due a prisoner for good behavior must be recognized and granted. Depriving one of time off to which he was justly entitled as a practical matter results in extending his sentence and increasing his punishment. Opinion of the Justices, 13 Gray, 618. Conlon's Case, 148 Mass. 168. Murphy v. Commonwealth, 172 Mass. 264. See Lewis v. Commonwealth, 329 Mass. 445.
We examine St. 1941, c. 690, § 2, to determine whether there was anything therein which impaired the petitioner's rights to a deduction from the sentence for good behavior. The new § 129 inserted by § 2 of c. 690 provided for the same rate of deduction for good behavior as did the previous statute. He shall be entitled to such conditional deduction if his records show faithful observance of the rules of the prison and that he has not been subjected to punishment or returned to prison for a violation of the permit after having been released upon a permit. A prisoner entitled to such deduction shall receive a permit to be at liberty upon such terms as the parole board may determine. The permit may be revoked by the board upon violation of its terms and the prisoner shall be returned to prison to serve that portion of the original sentence remaining at the time he was granted the permit or so much thereof as the board may determine. This new § 129 also contained a provision that in the case of a prisoner sentenced to State prison the commissioner of correction should determine whether part of the good conduct *295 deduction should be forfeited for violation of the rules of the prison or of the terms of the permit to be at liberty. Chapter 690 in repealing § 139 of G.L. (Ter. Ed.) c. 127 left untouched §§ 147 and 148 and made only immaterial changes in § 149 so far as our present inquiry is concerned.
At the time of his offence and sentence the power of the parole board was broad and general. It could revoke, revise, or amend a permit and it could determine what part of the remaining sentence of the convict was to be served by him. The delegation of authority to the commissioner of correction to decide what part of the deduction from sentence for good behavior should be forfeited for violating the terms of his permit to be at liberty is neither alleged nor shown to have prejudiced the petitioner. The Legislature could have placed the duty to determine what part of the good behavior time should be forfeited for violation of a permit upon the parole board (as it subsequently did[1]) or upon the commissioner of correction. Murphy v. Commonwealth, 172 Mass. 264, 275-276. We see nothing in St. 1941, c. 690, that worked to the disadvantage of the petitioner concerning his credit for good behavior time.
The petitioner next directs attention to the most recent amendment of G.L. (Ter. Ed.) c. 127, § 149, by St. 1946, c. 424, § 1, which provides that if a prisoner is returned to prison for violation of the terms of his permit to be at liberty the time between his release upon the permit and its revocation shall be considered as a part of the term of his sentence but that the period between the revocation and his return to prison shall not be considered as any part of his original sentence. The period between his release on a permit on January 24, 1948, and its revocation on June 29, 1950, must be deducted from his sentence, but the time between June 29, 1950, and his return to prison on February 18, 1953, cannot be considered as a part of the sentence served by him. It is to be noted that the petitioner does not attack the validity of his sentence but is concerned only with an *296 alleged good behavior credit of 864 days which is obviously computed upon the maximum sentence of twelve years.
The petitioner finally relies upon St. 1946, c. 543, § 1, making absolute instead of conditional certain deductions from terms of imprisonment for good behavior, and St. 1948, c. 450, relative to deductions from maximum sentences. Chapter 543 by § 6 expressly provides that it shall not apply if it results in making the punishment more severe, and c. 450 by § 3 states that it shall be applicable to prisoners sentenced before as well as after its effective date. Both statutes give the same rates of deductions as were allowed by the previous statutes. Both provide for the issuance of a certificate of discharge to a prisoner at State prison by the parole board upon the date determined by such deduction from his maximum sentence. Both authorize the parole board upon the return of such a prisoner for violation of his parole to determine what deduction from his sentence shall be forfeited as a result of such violation. A prisoner who has been released on parole, and who has faithfully observed all the rules of his parole and has not been returned to prison for violation of his parole, shall receive a certificate of final discharge upon the date determined by the deduction for good behavior. The last statute in the main was substantially similar to the 1946 statute except that it provided for deductions for satisfactory and diligent performance of work. The parole board took no action concerning the work deduction.
Both parties admit that the petitioner violated the terms of his permit and, as already pointed out, no right to good behavior time was impaired whether the determination of that question was left to the commissioner of correction or to the parole board.
Judgment affirmed.
NOTES
[1] See St. 1946, c. 543; St. 1948, c. 450.