

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 25, 1974

The Honorable William H. Skelton, Chairman
Board of Pardons and Paroles
Room 501 John H. Reagan Bldg.
Austin, Texas 78701

Opinion No. H- 240

Re: The persons to whom
amendments to Article 42.12,
§ 22, Texas Code of Criminal
Procedure, may be applied
constitutionally.

Dear Mr. Skelton:

You have asked our opinion concerning the recent amendment to Article 42.12 § 22 Vernon's Texas Code of Criminal Procedure which affects the computation of time served on the sentence of prisoners whose parole has been revoked.

Prior to June 14, 1973, section 22 of Article 42.12 provided:

> "Sec. 22. Whenever a paroled prisoner is accused of a violation of his parole on information and complaint by a law enforcement officer or parole officer, he shall be entitled to be heard on such charges before the Board under such rules and regulations as the Board may adopt; providing, however, said hearing shall be held within forty-five days of the date of arrest and at a time and place set by the Board. When the Board has heard the facts, it may recommend to the Governor that the parole be continued, or revoked, or modified in any manner the evidence may warrant. When the Governor revokes a prisoner's parole, he may be required to serve the portion remaining of the sentence on which he was released on parole, such portion remaining to be calculated without credit for the time from the date of his release on parole to the date of his arrest or charge of parole violation."

That section was amended by Acts 1973, 63rd Leg., ch. 447, p. 1235 and now provides:

"Sec. 22. Whenever a paroled prisoner is accused of a violation of his parole on information and complaint by a law enforcement officer or parole officer, he shall be entitled to be heard on such charges before the Board under such rules and regulations as the Board may adopt; providing, however, said hearing shall be held within sixty days of the date of arrest under a warrant issued by the Board of Pardons and Paroles or the Governor and at a time and place set by the Board. When the Board has heard the facts, it may recommend to the Governor that the parole be continued, or revoked, or modified in any manner the evidence may warrant. When the Governor revokes a prisoner's parole, he may be required to serve the portion remaining of the sentence on which he was released on parole, such portion remaining to be calculated without credit for the time from the date of his release on parole to the date of his revocation of parole by the Governor on the charge of parole violation. When a warrant is issued by the Board of Pardons and Paroles or the Governor charging a parole violation, the sentence time credit shall be suspended until a determination is made by the Board of Pardons and Paroles or the Governor in such case and such suspended time credit may be reinstated by the Board of Pardons and Paroles should such parole be continued."

The new statute institutes three major changes in the rights of a prisoner whose parole is revoked. These are:

(1) The time in which a hearing must be held is extended from 45 to 60 days.

(2) After revocation, the remainder of the prisoner's sentence is served beginning at the time of revocation rather than the time of arrest, a change which can cause an additional period to be served of as much as 60 days.

(3) Upon issuance of a warrant charging a parole violation, sentence credit is suspended until a determination is made as to whether to revoke parole.

You have advanced four questions which may be combined and summarized as asking to which groups of persons the new law may be applied in conformity with the ex post facto prohibitions of the United States and Texas Constitutions.

Article 1, Section 9, Clause 3 of the United States Constitution provides:

"No Bill of Attainder or ex post facto Law shall be passed. "

Article 1, Section 16, of the Texas Constitution provides:

"No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made. "

The classic definition of ex post facto is found in Calder v. Bull, 3 U. S. (3Dall. ) 386, 390 (1798), which lists the four types of ex post facto laws as follows:

"1st. Every law that makes an action done before the passing of the law; and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender. "

The leading Texas case on the ex post facto nature of laws affecting parole rights is Ex parte Alegria, 464 S. W. 2d 868 (Tex. Crim. 1971). Alegria was convicted of rape and sentenced to life imprisonment. Subsequently the Legislature

changed the amount of time required to be served to be eligible for parole from fifteen to twenty years. The Court of Criminal Appeals held that a law adversely affecting a prisoner's eligibility for parole consideration was ex post facto to the extent that it applied to persons already convicted and sentenced when the new law became effective.

Greenfield v. Scafati, 277 F. Supp. 644 (D. Mass. 1967)(3-judge court) aff'd mem. 390 U.S. 713 (1968) involved rights of prisoners after revocation of parole. There the Massachusetts Legislature enacted a law denying good time credit to persons whose parole had been revoked during the first six months after conviction. The court held the statute could not be constitutionally applied to Greenfield who had been convicted and sentenced before the effective date of the Act.

To the extent that the amendment to Article 42.12, § 22, would adversely affect the rights of persons who have been convicted of offenses committed prior to the effective dates of the Act, it would be an ex post facto law and could not be constitutionally applied to these persons. See, Ex parte Medley, 134 U.S. 160 (1890), for the proposition that the date of the offense is the relevant date in determining the ex post facto nature of a law. See also In re Valenzuela, 79 Cal. Rptr. 760 (Ct. App. 1969), which was cited with approval by the Texas Court of Criminal Appeals in Ex parte Alegria, supra, for the proposition that the date of the initial offense rather than the date of subsequent offenses on which parole revocation is based determine the ex post facto nature of a law.

It is presumed that the Legislature intended its enactment to be constitutional, 53 Tex. Jur. 2d Statutes, § 182, p. 271. Thus the amendment to Article 42.12 § 22 could only have been intended to apply, and does apply, to persons convicted for an offense committed on or after the effective date of the amendment.

SUMMARY

The 1973 amendments to Article 42.12, § 22, Texas Code of Criminal Procedure, apply only to those persons convicted for an offense committed on or after June 14, 1973.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee