CHARLOTTE L. KOFINKE, administratrix,[1] vs.
JOSE MARANHAS, administrator.[2]

Plymouth. March 7, 1978. — May 2, 1978.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Limitations, Statute of. Waiver. Executor and Administrator, Waiver.*
*Estoppel. Words, "Creditor."*

An executor or administrator may waive the provisions of G. L. c. 197,
    § 1, which prohibit the commencement of an action against him
    within the first three months of his appointment. [143-144]
Where an action against the administrator of an estate was filed
    prematurely but the defendant's counsel told the plaintiff's counsel
    that a new action would not be necessary, the defendant waived the
    provisions of G. L. c. 197, § 1, even though the defendant's answer
    alleged that the action "was not commenced in accordance with the
    proper statute of limitations." [144-145]

CONTRACT. Writ in the District Court of Brockton dated
June 3, 1974.

A motion to dismiss was heard by *Covett*, J.

*Edward P. Kirby* for the plaintiff.

*John J. Perenyi* for the defendant.

WILKINS, J. This action was commenced within three
months of the date on which the defendant gave his bond as
administrator of the estate of Francisco Paulo Maranhas
(decedent). We agree with the plaintiff that a defendant ad-
ministrator may waive the statutory bar (G. L. c. 197, § 1)
against commencing an action during that three-month

_____

[1] The plaintiff is the administratrix of the estate of Laura May Ross,
who died on June 19, 1974, shortly after she had commenced this action.

[2] The defendant was appointed coadministrator of the estate of Fran-
cisco Paulo Maranhas. The record suggests that the other coadministrator
resigned. Judgment was entered for the other coadministrator in April,
1976. We treat the defendant as the administrator of the estate of Fran-
cisco Paulo Maranhas.

period and that, on the facts of this case, the defendant did waive the statutory restriction. Accordingly, we reverse the order of the Appellate Division of the District Court, Southern District, which dismissed the report of the District Court which allowed the defendant's motion to dismiss.

The decedent died on March 23, 1974. The defendant was appointed administrator of the decedent's estate, and gave his bond, on March 25, 1974. On June 3, 1974, Laura May Ross commenced this action in the District Court of Brockton to recover for the value of services she rendered to the decedent from March, 1938, to November, 1969, when she became disabled. One count of the declaration alleged that, in exchange for services as a housekeeper, the decedent promised to leave Ross a home and everything he had if he should predecease her and that, although she performed her part of the bargain, the decedent made no provision for her by will or otherwise. The second count of the declaration alleged a claim for compensation for Ross's services from March, 1938, to November, 1969, based on an understanding between Ross and the decedent that he would pay her for her services.

The judge found that counsel for the defendant spoke with the plaintiff's counsel in June, 1974, concerning the applicability of G. L. c. 197, § 1. Counsel for the defendant said that he would file an answer and that a new action would not be necessary. An answer was filed late with the assent of the plaintiff's counsel. That answer alleged, among other things, "that the plaintiff's action was not commenced in accordance with the proper statute of limitations." In November, 1975, the plaintiff moved to substitute a new complaint which recognized herself as the plaintiff. The substance of the allegations of the substituted complaint is the same as that of the original declaration. The motion was allowed in December, 1975, and each side undertook discovery. On May 24, 1976, the defendant filed a late answer to the substituted complaint with the plaintiff's assent. That answer alleged, in part, that "the causes of action set forth by the plaintiff in her complaint

are barred by the provisions of the Mass. General Laws limiting the period of time for the institution of complaints against the decedent's administrator."

In July, 1976, the defendant moved to dismiss the complaint because "the action was commenced within three months of the appointment of the administrator." The motion was allowed. The judge ruled that an administrator could not waive the statutory restriction. He did not decide whether, assuming it permissible, the defendant had waived the restriction. The Appellate Division assumed that an administrator could waive the restriction, but concluded on the facts that the defendant had not waived his right to object to the prematurity of the action. The Appellate Division relied principally on the assertion in the defendant's answer to the original declaration that the "action was not commenced in accordance with the proper statute of limitations." At the time that answer was filed, the plaintiff could have filed a timely second action because three months had passed since the defendant gave his bond as administrator, but the nine-month period of limitation on the commencement of such an action had not expired. See G. L. c. 197, § 9. The Appellate Division also held that no principle of equitable estoppel bound the defendant and that claims of the type asserted by the plaintiff were subject to the restriction of G. L. c. 197, § 1.

We hold that an executor or administrator may waive the prohibition against commencing an action within the first three months of his appointment. We intimated as much in *Richardson* v. *Lee Realty Corp.*, 364 Mass. 632, 636 n.1 (1974), where we said that if "an action is brought prematurely and no objection is raised by the defendant, the defect may be treated as waived because it is not jurisdictional." The purpose of the statutory requirement of forbearance is to afford an executor or administrator time to assess the status of the estate and to review claims against it, while free from the burdens of litigation. If an executor or administrator does not wish to take advantage of the statutory restraint, he may decline to do so, and the case

may proceed as if seasonably brought. The situation where an action is brought too late under G. L. c. 197, § 9, is different because there waiver would subject the estate to a claim which could be forever barred. Thus, when an action is brought after the short statute of limitations has run, we have said that an executor or administrator had no authority to waive the statutory limitation to the detriment of the estate (see *Mulligan* v. *Hilton*, 305 Mass. 5, 11 [1940]; *Finance Corp.* v. *Parker*, 251 Mass. 372, 376-377 [1925]), but the short statute of limitations is unavailable unless pleaded. See *Saporita* v. *Litner*, 371 Mass. 607, 620 (1976); *Taylor* v. *United States*, 324 Mass. 639, 643 (1949). A premature action, however, stands in a different posture because a plaintiff who has sued too early may correct the error, and the asserted claim is not forever foreclosed.

The more difficult issue in this case is whether the defendant waived the statutory defense. The defendant's counsel told the plaintiff's counsel that a new action would not be necessary. If the defendant had then filed an answer or amended answer which did not raise the statutory bar to the action, we would have no difficulty in ruling that the defense was waived. Here, however, the answer, filed late with the plaintiff's assent, alleged that the action "was not commenced in accordance with the proper statute of limitations."

This allegation might be read as intended to raise the restriction of G. L. c. 197, § 1, but it could also be interpreted as raising the untimeliness of the action with respect to the claims for compensation for services rendered as far back as 1938. Where counsel for the defendant had recently told the plaintiff's counsel that a new action would be unnecessary, we decline to construe the answer as adequately raising the very defense so recently disclaimed. In the absence of any notice from the defendant's counsel that he had changed his mind, the plaintiff's counsel was entitled reasonably to rely on the representations of opposing counsel.

The answer to the substituted complaint focused some-what more clearly on the prematurity of the action, alleging that "the causes of action . . . are barred by the provisions of the Mass. General Laws limiting the period of time for the institution of complaints against the decedent's ad-ministrator." But, by the time this answer was filed, the period under § 9 for the commencement of suit had expired. We think that the plaintiff reasonably relied on the previous representations of opposing counsel and that the defendant was estopped to raise the defense of G. L. c. 197, § 1, after the period of limitation had expired. See *Baglio* v. *New York Cent. R.R.*, 344 Mass. 14, 19-20 (1962); *McLearn* v. *Hill*, 276 Mass. 519, 524-525 (1931).

In light of our conclusion that the defense of prematurity of suit was waived, we need not consider the plaintiff's argument that Ross was not "a creditor of the deceased" under G. L. c. 197, § 1. Ross's claim for compensation for services based on an understanding with the decedent is the claim of a creditor. The claim for the fair value of Ross's services by reason of the decedent's failure to provide for her in a will is of a different character. We have treated such claims as if the plaintiff were "a creditor of the deceased" and G. L. c. 197, §§ 1 and 9, applied. See *Delorafano* v. *Delafano*, 333 Mass. 684, 688 (1956); *Herman* v. *Watson*, 330 Mass. 414, 416 (1953). See also *Breen* v. *Burns*, 280 Mass. 222 (1932) (plaintiff in action for deceased's funeral expenses is "a creditor of the deceased" under G. L. c. 197, § 9).

> *Order dismissing report reversed.*
> *Order allowing defendant's motion*
> *to dismiss vacated.*