## GERARDO v DUGGER, etc., et al.
### Case No. 89-4273-CA-D
Fifth Judicial Circuit, Marion County
January 12, 1990

### APPEARANCES OF COUNSEL

**Susan A. Maher,** Assistant Attorney General, Department of Legal Affairs for Respondents.

### OPINION OF THE COURT

RAYMOND T. McNEAL, Circuit Judge.

### *ORDER ON PETITION FOR HABEAS CORPUS*

Petitioner, Alfred Gerardo, who is serving a 30 year sentence for crimes he committed in August and September, 1978 complaints that the 1983 amendment to *Fla. Stat.* § 944.275 (1979) reduced the amount of incentive gain-time he could earn and thereby violated the prohibition against *ex post facto* legislation. *U.S.C.A. Const.* Art. 1 § 10. Because awarding incentive gain-time is discretionary with the Department of Corrections, the state argues that any change in the amount of

time a prisoner may possibly earn does not violate the *ex post facto* clause. The court finds that elimination of petitioner's opportunity to earn the full amount of incentive gain-time available under the law at the time he committed the offenses violates the prohibition against *ex post facto* legislation. Therefore, the Petition for Writ of Habeas Corpus shall be granted as it relates to this issue.

Petitioner contends that he was adversely affected by the 1983 amendment to *Fla. Stat.* § 944.176 (1979) because it denied him the *opportunity* to earn 37 days per month additional gain-time. *Fla. Stat.* § 944.275 (1979) allowed the Department of Corrections to award an inmate one day of additional gain-time for each day of productive labor and one to six days per month for diligent academic or vocational study. In contrast, *Fla. Stat.* § 944.275, as amended in 1983, allows the Department to award an inmate only 20 days per month for diligent work.

A statute that changes penal provisions violates the *ex post facto* clause if it is both retrospective and more onerous than the law in effect on the date of the offense. *Weaver v Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). The 1983 amendment to *Fla. Stat.* § 944.175 (1979) is retrospective as applied to the petitioner because it substantially altered the consequences of a crime committed before it was enacted. *Id.* at 31, 101 S.Ct. at 965. The statute is more onerous because the petitioner is disadvantaged by the reduced *opportunity* to earn additional gain-time. *Id.* at 35, 101 S.Ct. at 967, *Raske v Martinez,* 876 F.2d 1496, 1500 (11th Cir. 1989).

The state argues that because awarding incentive gain-time is discretionary with the Department of Corrections, the state can alter the method of calculating it without violating the *ex post facto* clause. This argument was specifically rejected by the *Raske* court. Although the state contends that the 11th Circuit in rejecting this argument misapplied *Weaver,* it is clear that the *Weaver* court reviewed the statute as a whole and found that the 1978 statute actually reduced the amount of discretion enjoyed by the Department of Corrections for awarding additional gain-time. *Weaver,* 450 U.S. at 35, 101 S.Ct. at 967 n. 19. Likewise the 1983 statute reduced the discretion of the Department to award gain-time. In *Weaver* the state argued that a reduction in automatic gain-time was compensated for by the corresponding increase in incentive gain-time. In *Raske* the state argued that the reduction in incentive gain-time was compensated for by a corresponding increase in automatic gain-time. There are no material differences in these arguments when the net result is a decrease in a prisoner's opportunity to earn the maximum gain-time allowed under the law in

effect at the time of his offense. *See also Greenfield v Scafati,* 277 F. Supp. 644 (D. Mass. 1967), *aff'd,* 390 U.S. 713, 88 S.Ct. 1409, 10 L.Ed. 2d 250 (1968).

Requesting immediate release from the Department of Corrections, petitioner claims an additional 1846 days of gain-time. Apparently, petitioner assumes he would have received the maximum amount of gain-time allowed under the 1978 statute. That is not a necessary conclusion. Because the reduced opportunity for incentive gain-time was coupled with an increase in the amount of automatic gain-time by the legislature, the state need not give prisoners the benefit of the increased automatic gain-time who have the opportunity to earn additional incentive gain-time under the 1978 law. *Weaver,* 450 U.S. at 39, 101 S.Ct. at 969 (Rehnquist, J., concurring). When petitioner's performance in prison is evaluated and gain-time awarded pursuant to the 1978 law, the petitioner may still be lawfully incarcerated. That issue is not resolved by the pleadings although the state estimates a potential release date of September 21, 1991 in footnote 1 of their response.

Therefore, it is

ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus is granted in part and denied in part as follows:

1. The Department of Corrections shall evaluate petitioner's prison record and award automatic and discretionary gain-time to which he is entitled under the 1978 law which created *Fla. Stat.* § 944.275 (1979).

2. The Writ of Habeas Corpus shall not issue because it appears that the inmate is lawfully confined in the Florida Department of Corrections.

3. The prayer for immediate release from confinement is denied.

DONE AND ORDERED in Ocala, Marion County, Florida, this 12th day of January, 1990.