OPINION OF THE COURT
Mary H. Smith, J.
*932 This is a habeas corpus proceeding brought by the petitioner pro se and commenced via order to show cause.
Petitioner is a prisoner at Sing Sing Correctional Facility. On August 11, 1983 he was convicted in Supreme Court, Kings County of robbery in the first degree and sentenced to an indeterminate term of imprisonment of 8 to 16 years. On July 15, 1992 petitioner was released to parole supervision. He was subsequently arrested on a parole violation warrant on April 23, 1997. Following a final revocation hearing held on October 3, 1997 petitioner was found to have violated the terms of his parole release. Upon this finding, the Administrative Law Judge (ALJ) followed the guidelines of 9 NYCRR 8005.20 (c) adopted earlier in 1997 by the Chairman of the Board of Parole. This recently enacted regulation placed petitioner in a category that mandated the imposition of at least 15 months’ additional incarceration upon a finding of a violation. Based upon this mandate, the ALJ determined that petitioner would be held in custody until his maximum expiration date of August 18, 1998.
The single issue litigated in this proceeding is whether 9 NYCRR 8005.20 (c) is unconstitutional as applied to petitioner in that it violates the Ex Post Facto Clause of article I, § 10 of the United States Constitution. The determination of this issue requires the resolution of a number of subordinate questions. These will be considered seriatim.
An essential preliminary element of this analysis is an understanding of the precise definition of an ex post facto law. In 1798 the Supreme Court defined such a law as one that criminalizes conduct that was innocent at the time it was committed; that aggravates a crime beyond its level when committed; or that increases the level of punishment beyond that which was available at the time the offense was committed (Calder v Bull, 3 Dallas [3 US] 386, 389).* This basic notion has been accepted by the Supreme Court for two centuries (see, e.g., Dobbert v Florida, 432 US 282; Landgraf v USI Film Prods., 511 US 244). In 1987 its application was refined by a two-pronged test enunciated in Miller v Florida (482 US 423, 430), where the Supreme Court held that a law is unconstitutional as ex post facto when it is both retrospective (that is, it refers to events occurring before its enactment), and also when it works to the disadvantage of the offender affected by it.
*933 Applying the first prong of the Miller test to the instant case immediately raises an additional issue: does reincarceration on a violation of parole supervision punish the petitioner for the conduct that led to the finding of the violation (here, drug abuse), or is it part of the punishment imposed upon petitioner for his 1983 robbery conviction? The Federal courts have consistently held that resentencing on a finding of a violation of parole supervision is part of the penalty attendant upon the original criminal conviction. They reason that, but for the conviction for the original offense, a defendant would not have been on parole; he cannot have been penalized for violating the terms of his parole absent this original conviction; and the sentence that included possible parole release had been meted out because of this conviction. It therefore follows that whatever consequences flow from a finding that a defendant has violated his parole release terms are ultimately related to the punishment imposed for the predicate crime, not for the conduct that triggered the violation proceeding (Greenfield v Scafati, 277 F Supp 644 [D Mass], affd 390 US 713).
Thus the Greenfield rule, applied to the facts of the instant case, leads to the ineluctable conclusion that the 1997 amendment to the regulation at issue is retrospective as defined in Miller (supra). What remains to be resolved is the question of whether 9 NYCRR 8005.20 (c) as applied to petitioner works to his detriment. The answer can easily be found by comparing the current regulation to the one previously in effect. Under the regulations in effect at the time of the commission of petitioner’s original offense, a parolee found to be in violation of the terms of his parole release could have been immediately restored to parole supervision or resentenced to a period of incarceration of as little as 90 days. In contrast, the regulations actually applied to petitioner mandate a minimum period of additional incarceration of 15 months. Clearly, then, the regulation at issue as applied to petitioner works to his detriment.
The instant case is practically “on all fours” with United States v Meeks (25 F3d 1117 [2d Cir]). In Meeks, the defendant was on Federal supervised release when he was found to be in possession of a controlled substance. The District Court held that he had violated the terms of his release and sentenced him to a mandatory period of incarceration pursuant to a statute enacted subsequent to the date of his original offense. The Court of Appeals for the Second Circuit (Kearse, J.) held that Meeks’ being sentenced to a mandatory period of incarceration *934 where no such mandate had existed at the time of his conviction violated the Ex Post Facto Clause of the Constitution.
Though the pro se petitioner in the instant case cited Meeks (supra) and quoted from it extensively in his papers, the respondent did not attempt to distinguish it directly. The respondent does, however, argue that the “regulations [at issue] are guidelines and not laws and are therefore not subject to the ex post facto clause” (affirmation in opposition, at 5 [citations omitted]). While it is true that administrative guidelines that seek to clarify what factors an ALJ or other administrative agent or body should apply in exercising discretion do not offend the constitutional proscription on ex post facto laws, an enactment (such as the one at bar) that imposes a previously nonexistent “mandatory minimum” penalty removes discretion and is thus, if retrospective, subject to ex post facto rejection (cf., Hamm v Latessa, 72 F3d 947, 956, n 14 [1st Cir 1995], and cases cited therein).
Finally, this court must distinguish the slip decisions People ex rel. Gotlin v Greiner (Sup Ct, Westchester County, June 2, 1997) and People ex rel. Vita v Travis (Sup Ct, Nassau County, Apr. 11,1997), both relied upon by the respondent. Those cases involved ex post facto questions arising under the same regulation at issue in the case at bar. Explicitly in Vita and implicitly in Gotlin, 9 NYCRR 8005.20 (c) was held to be constitutional as applied to the petitioners before their respective courts. In those cases the ALJs cited specific factors that led them to their refusal to depart from the mandatory minimum prescribed by the regulation. They noted that, upon a proper showing, reincarceration could have been avoided, but made detailed findings that departure from the regulations was not warranted in their cases.
Here, nothing in the record provided to this court by either party suggests that the ALJ did anything more than apply the mandatory provisions of 9 NYCRR 8005.20. Those provisions require the imposition of considerably harsher sanctions than would have been available under the regulations in effect at the time of the petitioner’s commission of his original crime. The regulation thus falls within the definition of an ex post facto law and therefore is unconstitutional as applied to him. It is therefore ordered that the instant writ is sustained to the extent that this matter is remitted to the respondent for a de novo hearing to be held under the guidelines in effect on the date of the commission of the offense leading to petitioner’s conviction for robbery in the first degree. The scope of this *935 hearing will be limited to the determination of the appropriate sanction to be imposed for petitioner’s having violated the terms of his parole release.

 The Supreme Court also included in its ex post facto analysis laws that changed the rules of evidence between the time of the commission of an offense and its trial. This particular matter is not relevant to the instant case and so is not discussed supra.