The People of the State of Illinois, Plaintiff-Appellee, *v.* Albert Jacque, Defendant-Appellant.

(No. 54146; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

First District—December 16, 1970.

Gerald W. Getty, Public Defender, of Chicago, (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Robert A. Novelle, and James Veldman, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

Defendant was indicted for violating the terms of a bail bond.[1] He was tried by a jury, convicted and sentenced to serve four to five years. The issue in this appeal is whether the sentence was proper. Defendant contends that because the most he could be imprisoned was five years, a sentence with a minimum of four years is excessive. He argues that such a sentence is inconsistent with the spirit of our laws on imposition of criminal penalties. Resolution of the issue and of the argument in its support require reference only to the applicable law.

■■ Our legislature has provided that "[a]ll sentences to the penitentiary shall be for an indeterminate term   *   *   *." (Ill. Rev. Stat. 1967, ch. 38, par. 1—7(e).) This is a mandate that all penitentiary sentences be indeterminate. A true indeterminate sentence is one with a sufficient difference between the minimum and maximum limit which will allow the prisoner an opportunity for parole. Because of its excessive minimum, a sentence of four to five years effectively denies this opportunity; it mitigates against the philosophy of the statutory provisions with regard to parole.[2] (*People v. White*, 93 Ill.App.2d 283, 288, 235 N.E.2d 393.) As was said in *People v. Lillie*, 79 Ill.App.2d 174, 179, 223 N.E.2d 716, "[e]xcessive minimum sentences, imposed by the courts, may defeat the effectiveness of the parole system by making mandatory the incarceration of a prisoner long after effective rehabilitation has been accomplished."

It is generally recognized that trial judges have a better opportunity to determine what sentence should be imposed. (*People v. Brown*, 107 Ill.App.2d 406, 246 N.E.2d 61.) But of interest to this subject is the American Bar Association's report on minimum standards for criminal justice entitled "Standards Relating to Sentencing Alternatives and Procedures" (Tentative Draft 1967). At page 21 it is recommended to legislatures that "[i]n order to preserve the principle of indeterminacy,

---

[1] Ill. Rev. Stat. 1967, ch. 38, par. 32—10. Violation of Bail Bond.

Whoever, having been admitted to bail for appearance before any court of record of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, shall, if the bail was given in connection with a charge of felony or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned in the penitentiary not more than five years, or both;   *   *   *

[2] Ill. Rev. Stat. 1967, ch. 38, pars. 123—1 to 123—6. par. 123—2. Eligibility to parole.

(a) A person in the custody of the Department of Public Safety shall be eligible for parole when he has served:

(1)  *   *   *

(2) The minimum term of an indeterminate sentence less time credit for good behavior;   *   *   *

the court should not be authorized to impose a minimum sentence which exceeds one-third of the maximum sentence actually imposed; * * *." Although this recommendation has not been adopted by our legislature, it is a factor to be considered. (See *People v. Scott*, 117 Ill.App.2d 344, 349-350, 253 N.E.2d 553.) Under the circumstances of this case we think it proper to exercise our power under Supreme Court Rule 615(b) (4), (Ill. Rev. Stat. 1967, ch. 110A, par. 615(b) (4) ) and modify the sentence. *People v. Livingston*, 117 Ill.App.2d 189, 193, 254 N.E.2d 64; *Abernathy, Sr. v. People*, 123 Ill.App.2d 263, 259 N.E.2d 363.

■■ Therefore, we reduce the minimum sentence from four years to two years. As modified, the sentence will be two to five years and follows the enlightened legislative intent that all sentences to the penitentiary be for an indeterminate term and contain a "spread period" that will enable defendant to gain his conditional freedom much earlier, if parole authorities so decide. Accordingly, the sentence is modified; and as modified, it is affirmed.

Judgment affirmed as modified.

DRUCKER and ENGLISH, JJ., concur.