COMMONWEALTH *vs.* RAYMOND A. McQUOID.

Worcester.   February 3, 1976. — March 15, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Firearms.   Constitutional Law,* Equal protection of laws.

For the reasons stated in *Commonwealth* v. *Jackson, ante,* 904 (1976), a mandatory minimum one-year sentence imposed under G. L. c. 269, § 10 (*a*), did not constitute cruel and unusual punishment, did not deny the defendant due process of law, and did not violate the separation of powers doctrine embodied in art. 30 of the Declaration of Rights.   [926-927]

General Laws c. 269, § 10 (*a*), in providing a mandatory minimum sentence of one year for carrying a firearm without a license, did not deprive the defendant of equal protection of the laws.   [927-928]

COMPLAINT received and sworn to in the Central District Court of Worcester on April 25, 1975.

On appeal to the Superior Court, the case was heard by *Meagher,* J., and reported by him to the Appeals Court.

The Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Robert V. Mulkern* for the defendant.

*James P. Donohue,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.   On October 9, 1975, the defendant
was found guilty by a Superior Court judge of carrying a
firearm without a license in violation of G. L. c. 269,
§ 10 (a), as amended by St. 1975, c. 113, § 2.   He was
sentenced, as provided by § 10 (a), to the mandatory
minimum of one year in a house of correction, execution
of which was stayed pending appellate review.

The facts are as follows.   On April 24, 1975, after
finishing work as a loader-operator for the Leicester high-
way department around noon, the defendant spent the
next five or six hours drinking heavily at three different
places in the town of Leicester.   When he returned home
later that day, the defendant learned that his high school
class ring had arrived C.O.D. at the post office.   Because
his wife refused to give him the money to pick up the
ring, the defendant decided to sell his gun which was
kept at home for his wife's protection.   En route to sell
the gun, the defendant was stopped by police for op-
erating under the influence of liquor.   Pursuant to a
search of the defendant, the police found a loaded gun in
his pants pocket.   The defendant's license to carry the
gun had expired several months prior to this incident.

The trial judge found, pursuant to the defendant's re-
quest for findings of fact, that on April 24, 1975, the de-
fendant was not engaged in the commission of a crime of
violence nor did he intend to commit a crime by using
the gun, but rather that he was carrying it in order to
transport it to a gun dealer for sale.   The judge, denying
the defendant's motion to dismiss, reported the case to
this court in accordance with G. L. c. 278, § 30A, for a
determination of questions of law raised by the defendant.

The present case involves essentially the same issues as
*Commonwealth* v. *Jackson, ante,* 904 (1976), decided this
day.   In that case, we held that G. L. c. 269, § 10 (a),
was a valid exercise of legislative authority, since a man-
datory minimum one-year sentence for the unlawful
carrying of a firearm does not constitute cruel and un-
usual punishment, deny the defendant due process of law

or violate the separation of powers doctrine embodied in art. 30 of the Declaration of Rights.

In the present case, the only additional question[1] raised is whether the § 10 (a) mandatory minimum sentence deprives the defendant of equal protection of the laws in contravention of the Fourteenth Amendment. Thus, the defendant contends that § 10 (a) results in invidious discrimination, since only violators of this statute are subjected to a mandatory sentence, whereas offenders of other penal statutes who are sentenced to one year are eligible for parole and good conduct deductions. The due process analysis in *Jackson, supra* at 915-916, adequately demonstrates that the "challenged distinction rationally furthers some legitimate, articulated state purpose." *McGinnis* v. *Royster*, 410 U.S. 263, 270 (1973). It is clear from *Jackson* that deterrence of illegal gun use is a legitimate governmental interest and that the imposition of a mandatory minimum sentence of one year bears a rational relationship to that goal. Cf. *Amado* v. *Superintendent, M.C.I. Walpole*, 366 Mass. 45, 49-50; *Warden* v. *Marrero*, 417 U.S. 653, 662 (1974). By singling out the unlawful carrying of a firearm for a mandatory sentence, the Legislature does not abridge the defendant's rights, for, in confronting a multitude of evils, it may address itself to the phase of the problem most urgently requiring remedial action. *Williamson* v. *Lee Optical of Okla. Inc.*, 348 U.S. 483, 489 (1955). Although other crimes which may be regarded as equally serious do not carry severe penalties, "[a] classification having some reasonable basis does not offend against . . . [the equal

---

[1] The defendant also argues that § 10 (a) constitutes an unlawful exercise of executive powers in violation of art. 30. We cannot accept this contention in view of our separation of powers discussion in *Jackson*. We merely add that the power to grant parole or good conduct deductions derives from statute, and, thus, may be limited by the Legislature pursuant to its power to fix penalties. Cf. *Amado* v. *Superintendent, M.C.I. Walpole*, 366 Mass. 45 (1974); *Bel* v. *Chernoff*, 390 F. Supp. 1256 (D. Mass. 1975).

protection] clause merely because . . . in practice it results in some inequality." *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U.S. 61, 78 (1911).

We thus answer the questions reported by the trial judge relating to the constitutionality of § 10 (*a*) in the negative, for we find no violation of either the Eighth or the Fourteenth Amendment to the United States Constitution or art. 30 of the Massachusetts Declaration of Rights.

*So ordered.*