Commonwealth vs. Alan Hogan & others[1]
(and two companion cases).

Essex.   September 13, 1979. — November 8, 1979.

Present: Hennessey, C.J., Quirico, Braucher, Kaplan, & Wilkins, JJ.

Mayhem.   Assault and Battery.   Joint Enterprise.   Practice, Criminal,
Duplicitous punishment.   Evidence, Cross-examination.

In a criminal case, reversal of convictions and a new trial was necessary
    by reason of the judge's improper forbidding of cross-examination of
    two prosecution witnesses designed to show bias because criminal
    charges were pending against them.  [191-192]
Reasonable inferences drawn from the evidence at a trial for mayhem
    would not have warranted a finding beyond a reasonable doubt that
    the defendant, who with two companions kidnapped a wife and drove
    to the apartment in which she lived with her husband, but who stayed
    in the automobile with her while the defendant's companions entered
    the apartment carrying clubs, knew of or shared the intent of his com-
    panions that the husband be maimed or disfigured, even if the defend-
    ant knew his companions might use the clubs on the husband, and it
    was error to deny the defendant's motion for a directed verdict.
    [192-193]
At the trial of indictments for assault and battery by means of a dangerous
    weapon and for mayhem, where conviction of the defendants on the
    mayhem indictments could not properly stand by reason of the judge's
    inadequate charge thereon and the charge also failed adequately to
    differentiate between the two crimes charged, the imposition of con-
    secutive sentences on the indictments was impermissible.  [193-195]

Indictments found and returned in the Superior Court
on September 15, 1975.

The cases were tried before Donahue, J.

After review by the Appeals Court the Supreme Judicial
Court granted leave to obtain further appellate review.

---

[1] Gilbert LaRocque and Joseph F. Quartarone, Jr.

*Dyanne Klein Polatin,* Assistant District Attorney, for the Commonwealth.

*Alan P. Caplan* for Alan Hogan.

*Robert Emmet Dinsmore* for Gilbert LaRocque.

*James B. Krasnoo* for Joseph F. Quartarone, Jr.

WILKINS, J.    The Appeals Court reversed the defendants' convictions of kidnapping, assault and battery by means of a dangerous weapon, and mayhem and ordered a new trial on the indictments (except as to LaRocque on the mayhem indictment). *Commonwealth* v. *Hogan,* 7 Mass. App. Ct. 236 (1979).    We granted the Commonwealth's application for further appellate review.    We agree with the conclusions reached by the Appeals Court and discuss only certain of the issues raised by the defendants' appeals.

We need not summarize the evidence in detail.    It is sufficient to note that there was evidence that the three defendants kidnapped Linda Condon.    They drove to an apartment in Newburyport where she lived with her husband. The defendants Hogan and Quartarone left the car with clubs, entered the apartment, and beat Theodore Condon, causing fractures of bones in his legs and other severe injuries.

1.    The Appeals Court reversed all convictions because, in its view, the trial judge improperly forbade cross-examination of the Condons designed to show bias because criminal charges were pending against them.    We agree with the Appeals Court that the defendants were entitled to show that criminal charges were pending against the Condons.    Where such charges are pending, there is a possibility of bias in favor of the government, and normally it is for the jury, and not the judge, to determine the effect, if any, of those pending charges on the witness's testimony.    This is not a case in which the record shows that there was no possible basis for finding a prosecutorial threat to the witness's freedom (*Commonwealth* v. *Santos,* 376 Mass. 920, 925-926 [1978]), nor a case in which the witness's testimony was shown to be unaffected by bias because that testimony was consistent in all material respects with the witness's statements given to

the police before he was arrested for various unrelated crimes (*Commonwealth* v. *Haywood*, 377 Mass. 755, 761-763 [1979]). If, due to pending criminal charges, the possibility of witness bias is present, even if it is an unlikely one, a defendant is entitled to inquire on the subject.

2. The Appeals Court determined that the evidence did not warrant a conviction of LaRocque of the crime of mayhem and that consequently his motion for a directed verdict on that charge should have been granted. *Commonwealth* v. *Hogan, supra* at 245. We agree that the evidence did not warrant a finding that LaRocque had the intent to aid Hogan and Quartarone in maiming or disfiguring Condon.

The question is whether a jury could have found beyond a reasonable doubt that LaRocque, who stayed in the motor vehicle with Linda Condon while the others entered the apartment carrying clubs, shared or knew of the intent of his companions that Theodore Condon be maimed or disfigured. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979), concerning the standard to be applied in passing on a motion for a directed verdict in a criminal matter. Here, there was no direct evidence of LaRocque's intent or of his knowledge of the intent of Hogan or Quartarone. Thus any finding of such an intent or of knowledge of the intent of the others would have had to have been based on reasonable inferences drawn from the evidence, and those inferences in turn would have had to have warranted a finding beyond a reasonable doubt that LaRocque possessed or was privy to an intent to maim or disfigure Condon.

The evidence, which is correctly summarized by the Appeals Court,[2] shows that LaRocque knew that Hogan and

---

[2] The Appeals Court summarizes that evidence as follows (7 Mass. App. Ct. at 244):

"The only evidence in the record tending to establish LaRocque's state of mind with respect to the attack on Theodore Condon came from Linda Condon. She testified that at two or three points during the car ride Hogan said in LaRocque's presence that he was going to 'get' Condon because he 'deserves what's coming to him.' While sitting in the back seat

Quartarone might use the clubs on Condon, and thus the evidence warranted LaRocque's conviction of assault and battery by means of a dangerous weapon, as he concedes. But that evidence does not warrant an inference beyond a reasonable doubt that LaRocque knew of or shared Hogan's and Quartarone's intent that Condon be maimed or disfigured. See *Commonwealth* v. *Richards,* 363 Mass. 299, 307-308 (1973). We have not extended the concept of general complicity applicable in the area of felony-murder to other crimes. See *Commonwealth* v. *Ambers,* 370 Mass. 835, 839 n.1 (1976); *Commonwealth* v. *Clark,* 363 Mass. 467, 473 n.2 (1973); *Commonwealth* v. *Richards, supra* at 306-307; *Commonwealth* v. *Jones,* 6 Mass. App. Ct. 750, 758-760 (1978); *Commonwealth* v. *Mangula,* 2 Mass. App. Ct. 785, 789 (1975). Here LaRocque knew that Hogan and Quartarone might beat Condon with clubs. It is a possible consequence of such a beating that injuries constituting maiming or disfiguring as described in the mayhem statute (G. L. c. 265, § 14) might occur. But neither an intent to maim or disfigure nor the knowledge of the intent of Hogan and Quartarone to maim or disfigure, an essential element of the crime, can be attributed to LaRocque solely from his knowledge that Condon might be beaten. Here, LaRocque could not have conditionally anticipated that infliction of injuries constituting mayhem might become necessary in order to effectuate the crime of assault and battery or to make good an escape. Contrast *Commonwealth* v. *Richards, supra* at 308, where an assault with intent to murder was contingently foreseeable for completion of a planned armed robbery. The Appeals Court correctly ordered that judgment be entered for LaRocque on the mayhem indictment.

3. Although the Appeals Court ordered a new trial on the indictment for assault and battery with a dangerous weap-

---

with LaRocque when the car was parked at her apartment, Mrs. Condon saw Hogan and Quartarone carrying clubs just before they went up to the apartment where Condon was sleeping and was subsequently found injured."

on and also, except as to LaRocque, on the indictment for mayhem, it discussed the propriety of the consecutive sentences on these indictments imposed on Hogan and Quartarone. *Commonwealth* v. *Hogan, supra* at 247-249. The Appeals Court considered the evidence and the judge's instructions and, we think, correctly concluded that the judge's charge on mayhem was inadequate. The charge permitted the jury to convict for assault and battery with a dangerous weapon on the basis of the first blow struck and, without requiring a finding of an intent to maim or disfigure, permitted the jury to convict of mayhem on the basis of the blows subsequently struck. The Appeals Court further concluded that the convictions on the mayhem and assault and battery indictments were based on the "same evidence" and consecutive sentences could not be imposed for that reason. *Commonwealth* v. *Hogan, supra* at 249. Our conclusion is that this case does not involve the "same evidence" rule (barring consecutive sentences) but simply a deficient jury instruction on which a conviction of mayhem could not be upheld.

We discuss first our treatment of the "same evidence" rule as bearing on multiple sentences. If, on the evidence and the judge's charge in a particular case, one crime could have been proved completely by evidence forming part of the necessary proof of the other crime, we have disallowed the imposition of consecutive sentences. See *Commonwealth* v. *Stewart*, 375 Mass. 380, 390-393 (1978); *Commonwealth* v. *Cerveny*, 373 Mass. 345, 354-356 (1977); *Kuklis* v. *Commonwealth*, 361 Mass. 302, 305-308 (1972). See also *Commonwealth* v. *Catania*, 377 Mass. 186, 191 (1979); *Costarelli* v. *Commonwealth*, 374 Mass. 677, 683-684 (1978). In the *Stewart* case, the defendant's conviction of murder could have been based only on the theory of felony-murder, and thus consecutive sentences for the defendant's conviction of murder and the underlying felony were not permissible. The felony was treated as if it were a lesser included offense of the crime of felony-murder, and the sentence on the murder conviction embraced the lesser crime. In the *Cerveny*

case, the evidence proving the crime of larceny by false pretenses contained no fact in addition to the evidence tending to prove the crime of perjury, and multiple punishments were disallowed. In the *Kuklis* case, we vacated a sentence for possession of a narcotic drug where there was also a conviction of possession of that drug with intent to sell.

The issue in this case is somewhat different. As the Appeals Court correctly pointed out (*Commonwealth* v. *Hogan, supra* at 247-248), the crimes of mayhem and assault and battery with a dangerous weapon are not the same and neither is a lesser offense included within the other, because each requires the proof of a fact which the other does not. See *Commonwealth* v. *Kiley,* 373 Mass. 454, 461 (1977), and cases cited. However, as we have noted, the judge's charge, by failing to focus on the necessary proof of the defendants' state of mind, failed adequately to differentiate between the two crimes and made it possible for the jury to convict the defendants of mayhem on evidence that was adequate only to convict the defendants of assault and battery with a dangerous weapon. In such an instance, consecutive sentences are impermissible, not by application of the "same evidence" rule but because the conviction of mayhem could not properly stand in light of the inadequate charge.

4. The judgments of the Superior Court are reversed and the verdicts set aside. A judgment is to be entered for the defendant LaRocque on indictment No. 86122, and the three indictments are to stand for a new trial on the remaining charges.

*So ordered.*