COMMONWEALTH *vs.* JOHN H. BANNER, II.  May 18, 1982.  In September, 1980, the defendant was found guilty on an indictment charging him with attempted arson of a motor vehicle.  G. L. c. 266, § 5A.  The judge

sentenced him to eighteen months in a house of correction on and after any sentence then being served. That sentence was well within the statutory maximum house of correction sentence prescribed for the crime of attempt of which he was convicted. See *Commonwealth* v. *Longval*, 378 Mass. 246, 252 (1979).

At sentencing defense counsel brought to the judge's attention that the sentence for attempted arson of a motor vehicle could be greater than that for the "completed act." See G. L. c. 266, § 5. The maximum punishment of incarceration for arson of a motor vehicle under G. L. c. 266, § 5, as appearing in St. 1932, c. 192, § 4, is "by imprisonment in the state prison for not more than *three years*, or . . . imprisonment in a jail or house of correction for not more than *one year*" (emphasis supplied). The attempt, however, is punishable "by imprisonment in the state prison for not more than *ten years*, or by imprisonment in a jail or house of correction for not more than *two and one half years*" (emphasis supplied). G. L. c. 266, § 5A, as amended by St. 1977, c. 975.

The question presented here is whether it was lawful to sentence the defendant on his conviction for attempted arson to a house of correction sentence greater than the maximum house of correction sentence authorized for conviction of the completed crime. The judge ruled that the imposition of an eighteen-month house of correction sentence was lawful because it did not exceed three years in state prison, the maximum sentence which could be imposed for conviction of the greater offense of arson of a motor vehicle.

An attempt to commit a crime is a lesser included offense within the completed offense. *Commonwealth* v. *Gosselin*, 365 Mass. 116, 120-121 (1974). The defendant correctly points out that other jurisdictions have held that a lesser included offense may not be punished more severely than the greater offense. See, e.g., *Roberts* v. *Collins*, 544 F.2d 168, 170 (4th Cir. 1976), cert. denied, 430 U.S. 973 (1977); *Willoughby* v. *Phend*, 301 F. Supp. 644, 647 (N.D. Ind. 1969); *Bradley* v. *Gally*, 505 F. Supp. 172, 174 (D. Md. 1981). That precise issue appears to be novel in Massachusetts. In deciding the instant question we look to cases dealing with the contention that the punishment must be proportionate to the crime. See, e.g., *Opinion of the Justices*, 378 Mass. 822, 830-833 (1979), and cases cited; *Commonwealth* v. *Morrow*, 363 Mass. 601, 610-611 (1973); *Commonwealth* v. *Jackson*, 369 Mass. 904, 910 (1976); *Cepulonis* v. *Commonwealth*, 384 Mass. 495, 497-498 (1981). We also consider other relevant policies.

The Legislature has wide discretion in defining crimes and providing penalties therefor. See, e.g., *Commonwealth* v. *Moore*, 359 Mass. 509, 515 (1971); *Commonwealth* v. *Jackson*, 369 Mass. at 909; *Commonwealth* v. *McQuoid*, 369 Mass. 925, 927 (1976); *Opinion of the Justices*, 378 Mass. at 830; *Commonwealth* v. *Jones*, 9 Mass. App. Ct. 103, 120 (1980), *S.C.*, 382 Mass. 387 (1981). In addition, while the Legislature

may provide mandatory sentences which are not disproportionate and meet the reasonable relation standard (*Commonwealth* v. *Jackson*, 369 Mass. at 909; *Commonwealth* v. *McQuoid*, 369 Mass. at 927), it may also invest the trial judge with broad discretion, within limits, in imposing sentences. *Commonwealth* v. *Leis*, 355 Mass. 189, 199 (1969).

The attempt statute in question here, G. L. c. 266, § 5A, relates to attempted arson of a dwelling house (see G. L. c. 266, § 1, for the completed offense), and "a meeting house, church . . ., store . . . whether occupied, unoccupied or vacant" (G. L. c. 266, § 2, as appearing in St. 1932, c. 192, § 2, setting out the completed offense), as well as to the attempted burning of a "parcel of wood . . . hay . . . or any boat [or] motor vehicle" (G. L. c. 266, § 5, setting out the completed offense). Prior to the 1977 amendment of c. 266, § 5A (see St. 1977, c. 975), the penalty prescribed for an attempt to burn any of the above mentioned types of property was "imprisonment in a jail or house of correction for not more than two and one half years or by a fine of not more than one thousand dollars." G. L. c. 266, § 5A, inserted by St. 1932, c. 192, § 5. The Legislature apparently determined that this was an inadequate punishment for the attempted burning of the various properties covered by c. 266, §§ 1 and 2. While it could have created two separate sections for attempted arson, providing a lesser penalty for attempts under c. 266, § 5, it did not do so. Rather, it made an attempt to burn "any of the . . . property mentioned in the foregoing sections" punishable by imprisonment in State prison for not more than ten years or in a jail or house of correction for not more than two and one half years. G. L. c. 266, § 5A, as amended.

"The Legislature is presumed to have acted rationally and reasonably." *Commonwealth* v. *Leis*, 355 Mass. at 192. "Unless the act of the Legislature cannot be supported upon any rational basis of fact that reasonably can be conceived to sustain it, the court has no power to strike it down as violative of the Constitution." *Sperry & Hutchinson Co.* v. *Director of the Div. on the Necessaries of Life*, 307 Mass. 408, 418 (1940). No doubt it could be argued that it would be irrational for the Legislature to intend to punish an attempted arson of any of the types of property described in c. 266, § 5, more harshly than the actual commission of the substantive offense. However, we think that the more reasonable interpretation would be that the Legislature intended to place sentencing discretion in the trial judge, with "no reason to believe that a judge will not continue to exercise this discretion wisely," *Commonwealth* v. *Leis*, 355 Mass. at 199, and that the Legislature expected trial judges reasonably to distinguish between the person who attempts to burn down a dwelling house and one who attempts to burn an automobile.

The trial judge properly can take many factors into consideration in sentencing, including matters which would not be admissible at trial. *Commonwealth* v. *Celeste*, 358 Mass. 307, 309-310 (1970). That the judge in his discretion did so here is evident from the transcript. He reviewed the

defendant's prior record and heard statements from defense counsel; he then concluded that because of the defendant's young age he should not be sentenced to State prison as he lawfully could have been. See G. L. c. 266, §§ 5 and 5A. Thus, in these circumstances the sound exercise of the judge's discretion actually resulted in the defendant's receiving a lesser period of incarceration than he might otherwise have received. "[T]he sentencing result here is one which focuses on the compelling need for reasoned application of the broad sentencing discretion ordinarily available to our trial court." *Commonwealth* v. *Appleby*, 380 Mass. 296, 313 (1980) (Hennessey, C. J., concurring). We conclude that the judge made such an application of that discretion in this case and that the sentence imposed was lawful. We of course have no occasion to consider what the situation would have been if the judge had imposed a sentence exceeding the maximum imprisonment permitted by § 5.

*Judgment affirmed.*

*Margaret H. Van Deusen* for the defendant.
*Stephen R. Kaplan*, Assistant District Attorney, for the Commonwealth.