COMMONWEALTH vs. ALAN HOGAN.

Essex. December 16, 1982. — December 6, 1983.

Present: BROWN, PERRETTA, & SMITH, JJ.

*Practice, Criminal,* Sentence. *Parole. Due Process of Law,* Sentence. *Constitutional Law,* Separation of powers.

In imposing a sentence of nine to ten years on a defendant who had pleaded guilty to a charge of kidnapping a judge did not violate the indeterminate sentence requirement of G. L. c. 279, § 24. [187-190]

A sentence of nine to ten years upon a defendant's plea of guilty to a charge of kidnapping did not deprive the defendant of due process of law, even though the sentence imposed might prevent the defendant from becoming eligible for parole prior to his discharge. [190-192]

Article 30 of the Massachusetts Declaration of Rights, providing for the separation of executive, judicial, and legislative powers, did not preclude a judge from imposing a nine- to ten-year sentence. [192]

BROWN, J., concurred in the result on the grounds that the defendant had raised no objection to the sentence at the time it was imposed, and that it appeared that the sentence was the result of a negotiated plea agreement. [192-193]

INDICTMENT found and returned in the Superior Court on September 15, 1975.

A motion for postconviction relief filed on August 24, 1981, was heard by *Barton, J.*

*Daniel E. Callahan* for the defendant.

*Dyanne Klein Polatin,* Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant was convicted in 1975 on indictments charging him with mayhem, kidnapping, and assault and battery with a dangerous weapon. He was sentenced to consecutive terms of eighteen to twenty years and two terms of nine to ten years. His convictions were reversed. *Commonwealth v. Hogan,* 7 Mass. App. Ct. 236,

*S.C.*, 379 Mass. 190 (1979). In 1981, the defendant entered a plea of guilty to the single charge of kidnapping, and a sentence of nine to ten years was imposed. Subsequently, the defendant brought a motion under Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979), alleging that the sentence was illegal and requesting that it be vacated. After hearing, the motion was denied and this appeal ensued.[1] Appellate courts have no general power to review the severity or leniency of an otherwise lawful sentence which is within the limits permitted by statute. *Commonwealth* v. *Franks,* 365 Mass. 74, 81 (1974). *Shabazz* v. *Commonwealth,* 387 Mass. 291, 295 n.3 (1982). Courts, however, will review claims of illegal sentences. *Aldoupolis* v. *Commonwealth,* 386 Mass. 260 (1982).

By this appeal, as before the motion judge, the defendant contends that the sentence violates (1) G. L. c. 279, § 24 (the indeterminate sentencing statute), (2) the defendant's Federal constitutional rights to due process of law, and (3) art. 30 of the Massachusetts Declaration of Rights (the separation of powers clause). The issues so presented are matters of first impression in this Commonwealth.[2] We reject each of the defendant's contentions and affirm the conviction.

1. *The alleged violation of G. L. c. 279, § 24.* The defendant argues that the prison sentence imposed on him violates G. L. c. 279, § 24. The statute[3] provides that any

---

[1] The Commonwealth has filed a supplemental appendix consisting of an affidavit of the assistant district attorney who represented the Commonwealth at the plea and sentencing of the defendant. The affidavit states that, to the best of the affiant's memory, the recommendation of nine to ten years was agreed upon by the parties. On the state of this record, we pass the question whether a defendant can challenge a sentence as illegal if he has agreed to it.

[2] The issues raised in this appeal were before the Supreme Judicial Court in *Commonwealth* v. *Layne,* 386 Mass. 291 (1982) (consecutive sentences of nine to ten years argued to be in violation of G. L. c. 279, § 24), but were not reached because of the defendant's procedural failures.

[3] General Laws c. 279, § 24, which has been in effect in essentially its present form since the enactment of St. 1895, c. 504, § 1, provides:

> "If a convict is sentenced to the state prison, except for life or as an habitual criminal, the court shall not fix the term of imprison-

sentence to State prison, except a sentence for life or as an habitual criminal, must contain a maximum term, "not . . . longer than the longest term fixed by law for the punishment of the crime for which he has been convicted" and a minimum term "not less than two and one half years." The statute further provides that the judge "shall not fix the term of imprisonment." Thus, the statute requires that the judge must impose an indeterminate sentence (i.e., a maximum term and a minimum term) as opposed to a determinate sentence (flat sentence, without maximum or minimum terms). *Commonwealth* v. *Marrone,* 387 Mass. 702, 706 n.8 (1982). The defendant claims that as a result of the insufficient "spread" between the minimum term (nine years) and the maximum term (ten years) imposed in this case, he received a "fixed term of imprisonment" because with the good conduct deductions provided in G. L. c. 127, § 129,[4] the fixed term of his sentence is five years, ten months, twenty-five days,[5] thus enabling him to be released prior to his parole eligibility date, which he calculates to be six years.[6] In addition, he argues that the statu-

_____

ment, but shall fix a maximum and a minimum term for which he may be imprisoned. The maximum term shall not be longer than the longest term fixed by law for the punishment of the crime for which he has been convicted, and the minimum term shall not be less than two and one half years."

[4] The defendant counts only the good time credits provided by G. L. c. 127, § 129, and does not count the earned good time credits provided by G. L. c. 127, §§ 129A, 129C and 129D.

[5] Good conduct deductions are computed at the time a defendant begins to serve his sentence and the total projected number is deducted from the maximum sentence so that a tentative release date is established at the outset of the prison term. See *Greenfield* v. *Scafati,* 277 F. Supp. 644, 645 (D. Mass. 1967).

[6] A prisoner serving a sentence for kidnapping is not ordinarily eligible for parole until two thirds of his minimum sentence has been served. G. L. c. 127, § 133. On that basis the defendant projects that he will be ineligible for parole until six years of his nine-year minimum sentence has been served. As for the good conduct deductions, all prisoners serving terms longer than four months are entitled to credits against their maximum sentences for good behavior during imprisonment. G. L. c. 127, § 129. Based on the statutory formula applicable to a sentence of ten years' duration, the defendant projects that he may be released on good conduct credits after serving five years, ten months and twenty-five days.

tory requirement that there must be a maximum sentence and a minimum sentence demonstrates that the Legislature intended that there must be a sufficient difference between the two terms in order to allow prisoners an opportunity for parole.[7]

Our review of the defendant's claim starts with the language of the statute. "It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms." *Caminetti* v. *United States*, 242 U.S. 470, 485 (1917), as quoted in *James J. Welch & Co.* v. *Deputy Commr. of Capital Planning & Operations*, 387 Mass. 662, 666 (1982). We note that the language of G. L. c. 279, § 24, is clear and readily understandable according to its ordinary meaning. The statute provides that a sentencing court is without authority to impose a State prison sentence of precise duration, except in those cases falling within the enumerated exceptions (life imprisonment, habitual offenders). Rather, the court must, within the limits established by those statutes that define offenses punishable by imprisonment in State prison, set two differing terms limiting the theoretical minimum and maximum duration of the sentence imposed. But there is nothing in the language of c. 279, § 24, that may be interpreted as otherwise restricting the broad discretion of the sentencing judge, by mandating a specified differential between the minimum and maximum terms imposed. Such a requirement, had it been intended by the Legislature, could have been added to the statute readily. Compare G. L. c. 279, § 24, with N.Y. Penal Law §§ 70.00(3)(b), 70.04(4) (McKinney 1983 Supp.). In the absence of such a provision, we do not imply one. *New England Power Co.* v. *Selectmen of Amesbury*, 389 Mass. 69, 74-75 (1983), and cases cited.

Further, a close reading of the relevant statutes makes clear that, contrary to the defendant's assertion, the sen-

---

[7] This argument is also the basis for his due process claim.

tence imposed by the judge did not "fix" the defendant's term of imprisonment at five years, ten months and twenty-five days. Whether the defendant is released at the end of that period, rather than at some other time up to expiration of the sentence imposed, depends on a number of factors, none of which is in the control of the sentencing judge. See G. L. c. 127, §§ 129, 129A, 129D; *Salley, petitioner*, 11 Mass. App. Ct. 40, 40-41 (1980). Although good conduct credits are deducted at the outset of a prisoner's sentence, see note 5, *supra*, such credits still must be earned throughout the imprisonment period by proper adherence to prison regulations, and may be forfeited, in whole or in part, by violations of those regulations. See G. L. c. 127, § 129. The period of imprisonment is likewise subject to further adjustment for earned credits. Therefore, the date hypothecated by the defendant for his unconditional release is not one "fixed" by the judge but governed by the defendant's own behavior.

Nothing in the text of the relevant statutes supports the interpretation advanced by the defendant. We therefore hold that the sentence imposed on the defendant was not in violation of G. L. c. 279, § 24.[8]

2. *Due process claim.* The defendant's due process claims, at least in one respect, track his argument that his sentence violated G. L. c. 279, § 24. The defendant contends that a convicted individual has a cognizable liberty in-

---

[8] We are aware of decisions in other jurisdictions, construing indeterminate sentencing statutes somewhat comparable to G. L. c. 279, § 24, that are contrary to the position that we take in this decision. See *People* v. *Jacque*, 131 Ill. App. 2d 365, 366 (1970) (sentence of four to five years of insufficient differential, substantial spread required); *People* v. *Tanner*, 387 Mich. 683, 689-690 (1972) (sentence of fourteen years, eleven months to fifteen years of insufficient differential, minimum may not exceed two thirds of maximum). See also *State* v. *Moore*, 21 N.J. Super. 419 (1952); *Spillers* v. *State*, 84 Nev. 23 (1968). But see *People* v. *Dallas*, 85 Ill. App. 3d 153, 177-178 (1980) (sentence of seventeen to twenty years sufficiently indeterminate). We note that in Illinois, unlike Massachusetts, a statute specifically grants to the reviewing courts the power to reduce the punishment imposed by the trial court. (Ill. Rev. Stat. c. 110A, § 615[b] [1981]). See *People* v. *Scott*, 117 Ill. App. 2d 344, 347-348 (1969).

terest that may be violated when a court arbitrarily imposes a sentence in excess of that authorized by the applicable criminal statute (see *Meachum* v. *Fano,* 427 U.S. 215, 226 [1976]) as he contends occurred in this case. The short answer to this argument is that the sentence imposed upon him was in fact authorized by and complied with all the applicable statutes. See G. L. c. 265, § 26; G. L. c. 279, § 24.

In addition, the defendant argued to the motion judge that the sentence violated due process because he had been denied a "fundamental liberty interest" in parole eligibility. In support of his argument the defendant cites *Greenholtz* v. *Nebraska Penal Inmates,* 442 U.S. 1 (1979). In that case the United States Supreme Court ruled that the language of a State statute may create a legitimate expectation of parole which invokes due process protections. That holding, however, may be distinguished from the present case. In *Greenholtz,* the Supreme Court based its decision on the specific language of a Nebraska statute which provided that the State's parole board must order a prisoner's release unless certain designated factors are present. *Id.* at 11. The Supreme Court held that "the expectancy of release provided in [the Nebraska] statute is entitled to some measure of constitutional protection." *Id.* at 12. In so holding, the Supreme Court limited its ruling by noting that the Nebraska statute has "unique structure and language and thus whether any other state statute provides a protectible entitlement must be decided on a case-by-case basis." *Ibid.*

The applicable Massachusetts statutes do not contain any language similar to that in the Nebraska statute that the Supreme Court scrutinized in *Greenholtz.* General Laws c. 127, § 133, does not create an expectation of parole or parole eligibility but provides only that "[p]arole permits *may* be granted by the parole board to prisoners" (emphasis supplied) who have met the requisite conditions, i.e., who have served at least two thirds of the minimum sentence on a kidnapping conviction. Although § 133 defines when a prisoner becomes eligible for parole, there is no requirement that he must be eligible for parole at some time during his

imprisonment; parole is at the discretion of the parole board. G. L. c. 127, § 130. *Greenfield* v. *Scafati,* 277 F. Supp. 644, 646 (D. Mass. 1967). We also note that in the cases of certain crimes the Legislature has decreed that the punishment include mandatory terms without the possibility of parole. See, e.g., G. L. c. 265, § 2 (murder in the first degree), G. L. c. 269, § 10(*a*) (carrying a firearm without a license). These statutes have withstood constitutional scrutiny. *Commonwealth* v. *Diatchenko,* 387 Mass. 718, 721-727 (1982). *Commonwealth* v. *Jackson,* 369 Mass. 904, 909-916 (1976). Therefore, although the sentence imposed in this case may prevent the defendant from becoming eligible for parole prior to his discharge, we rule that there was no violation of his right to due process.

3. *Separation of powers claim.* Having concluded that the sentence in this case meets the statutory requisites of an indeterminate sentence as defined by c. 279, § 24, and further that it in no manner violated due process, we likewise reject the defendant's contention that the sentence offends the separation of powers clause, art. 30 of the Massachusetts Declaration of Rights. Imposition of a sentence of nine to ten years is a valid exercise of judicial authority and interferes with neither the power of the legislative branch to establish criminal sanctions nor of the executive branch to grant parole. See generally *Commonwealth* v. *Jackson,* 369 Mass. 904, 920-925 (1976); *Commonwealth* v. *McQuoid,* 369 Mass. 925, 927 n.1 (1976); *Bel* v. *Chernoff,* 390 F. Supp. 1256 (D. Mass. 1975).

> *Order denying postconviction*
> *relief affirmed.*

BROWN, J. (concurring in result). I am unable to agree with the broad proposition that "[i]mposition of a sentence of nine to ten years is a valid exercise of judicial authority and interferes with neither the power of the legislative branch to establish criminal sanctions nor of the executive

branch to grant parole." See *People* v. *Tanner*, 387 Mich. 683, 689 (1972). Even if I could agree that this particular sentence (compare *People* v. *Jacque*, 131 Ill. App. 2d 365, 366 [1970], with *People* v. *Dallas*, 85 Ill. App. 3d 153 [1980]), was a valid exercise of judicial authority, I would still object because such a sentence violates the spirit of G. L. c. 279, § 24. In any event, it seems to me that it is prudent as well as humane for a sentencing judge to view G. L. c. 279, § 24, and G. L. c. 127, §§ 129 and 129A, in harmony.

I am, however, constrained to concur in the result reached here by the majority, as for all that appears the defendant raised no objection to the sentence at the time it was rendered. This is most likely so because, as the majority suggests, the sentence was the result of a negotiated plea agreement. The notion of a fully-bargained agreement is reinforced by the absence of anything in the defendant's earlier appeal (see *Commonwealth* v. *Hogan*, 7 Mass. App. Ct. 236, *S.C.* 379 Mass. 190 [1979] challenging the nine- to ten-year sentence he received at his first trial.