VOLTERRA, J.
INTRODUCTION
The Plaintiff, Wayne B. Alexander (Alexander), seeks relief pursuant to M.G.L.c. 231A, The Declaratory Judgment Act. Plaintiff contends that the defendant, Massachusetts Parole Board (Parole Board) acted improperly in failing to withdraw a parole violation warrant after it made the determination that the plaintiff was in violation of the terms of his parole and revoked that parole. The plaintiff seeks a declaratory ruling from the Court that the Parole Board’s actions were unlawful and arbitrary and seeks to have the court make an order that (1) his pre-parole sentence be determined to run from the day his parole was revoked; (2) that he receive credit for the time served; and (3) that costs and fees and any other relief the court deems appropriate be granted. The Parole Board now moves for summary judgment, summary judgment shall be granted only where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. For the reasons stated below, the Parole Board’s motion is hereby ALLOWED.
FACTUAL BACKGROUND
On November 12, 1975, while paroled on a Connecticut sentence, the plaintiff was sentenced in Massachusetts at Worcester Superior Court to a MCI Concord 10-year sentence for Assault with Intent to Murder. This sentence (with concurrent sentences for related charges of Larceny and Unlawful Possession of a Shotgun) was ordered to begin following the completion of the Connecticut sentence he had been paroled on. The plaintiff was then sent back to Connecticut and resumed serving his initial Connecticut sentence on November 21, 1975. On March 3, 1976, after completing his initial Connecticut sentence, the plaintiff was brought back to Massachusetts to begin serving his Massachusetts sentence. He was returned to Connecticut that day to begin to serve his Massachusetts sentence and his new Connecticut sentence in the custody of the Con-necticutDepartment of Corrections. OnNovember 18, 1977, both Massachusetts and Connecticut paroled the plaintiff to an Interstate Compact approved pre-release plan in Somers, Ct.
The plaintiff was arrested in Connecticut on December 12, 1978 on charges of tampering with a motor vehicle and Larceny (2nd) and again on March 3, 1979 on charges ofBurglary I and Arson II. OnApril6,1979, the Massachusetts Parole Board provisionally revoked the plaintiffs parole and a parole violation warrant was lodged behind the bail in Connecticut. On April 11, 1980, Mr. Alexander was convicted in Connecticut of the new charge of murder and sentenced to 25 years to life in the Connecticut Prison System.
The plaintiff made numerous requests for withdrawal of the Massachusetts parole revocation warrant from 1980 through 1992. Each of these requests was denied by the Parole Board. On September 24,1992, the Parole Board held a hearing to determine whether the wanrant should be withdrawn and the plaintiff should be paroled. At that hearing, the Board decided to affirm the revocation of his parole and declared that the warrant should stand. The plaintiff has filed numerous requests for reconsideration of the Board’s decision and the instant complaint since his 1992 hearing.
CONCLUSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass. R. Civ. P. 56(c). Summary judgment is favored where the determinative issue is one of law and not of fact. Theran v. Rokoff, 413 Mass. 590, 591 (1992). “If the non moving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.” Kourouvacilis, 410 Mass, at 715.
The plaintiff claims that the Parole Board acted unlawfully and arbitrarily in failing to withdraw the Massachusetts parole revocation warrant, citing 120 CMR 303.24(2)(k). The defendant argues that this reliance is misplaced, because that section does not address the issue of parole warrants. I agree with the Parole Board’s argument.
Title 120, section 303.24 of the Code of Massachusetts Regulations provides guidelines for the procedural aspects of Final Parole Revocation Hearings conducted by the Parole Board. This section never addresses parole violation warrants. G.L.c. 127 §149 most directly explains the issue of parole violation *236 warrants. This section states the three ways by which a parole violation warrant may cease to exist. First, the warrant may be withdrawn, two, the warrant may be served, and three, the warrant may be declared void. G.L.c. 127 §.149. The voiding of a warrant is an extreme remedy, only utilized when the warrant has been wrongly issued. This is'not the case here, as plaintiff has conceded the appropriateness of the revocation. G.L.c. 127 §149; 120 CMR 303.07(3). Plaintiff here is serving an intervening sentence, thus the warrant may not yet be served. G.L.c. 127 §149; 120 CMR 303.07(2)..
There is no requirement to serve the revocation warrant. The Court stated in the matter of In re John N. Zullo, 37 Mass.App.Ct. 371, 373 (1995), that the parole board could “choose not to serve the revocation warrant.” Id. In any event, pursuant to §149, service would not be effective until the expiration of the Connecticut sentence. G.L.c.127 §149.
Thus, the only possible form of relief remaining is withdrawal of the warrant. I agree with the Parole Board’s argument that there is no requirement to withdraw a parole violation warrant imposed by statute or otherwise. Further, in Kleczka v. Commonwealth, 350 Mass. 74, 76 (1966), the Supreme Judicial Court stated that there was no error in lodging a parole revocation warrant (without serving it) where the parolee had been arrested on a new offense. The Kleczka case is analogous to the instant case in that the plaintiff has been sentenced on an intervening case and the defendant has lodged the warrant behind the intervening sentence. Title 120, section 303.07(1) of the Code of Massachusetts Regulations states that the Parole Board may withdraw a parole violation warrant at any time prior to the service thereof. This language suggests the broad range of discretion afforded to the Parole Board in decisions to withdraw parole violation warrants.
I am not in the position to determine the penological worth of withdrawing a parole violation warrant. This decision lies solely within the discretion of the Parole Board. “Parole is at the discretion of the parole board.” Commonwealth v. Hogan, 17 Mass.App.Ct. 186, 192 (1983), citing G.L.c. 127 §130. The determination of the parole board is granted considerable deference. Greenman v. Massachusetts Parole Board, 405 Mass. 384, 387 (1989).
Thus, as there is no requirement upon the Parole Board to withdraw the warrant, even where parole has been revoked, there is no dispute of material fact and as a matter of law, judgment must be granted in favor of the defendant.
Plaintiff also claims that he was denied his liberty as a result of the violation of due process by the Parole Board. However, as plaintiff has not shown that there is a fundamental liberty interest in parole or having a parole warrant withdrawn, plaintiffs due process claim cannot stand. Although the United States Supreme Court held in Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), that the language of a state statute may create a legitimate expectation of parole, the Appeals Court of Massachusetts in Commonwealth v. Hogan, 17 Mass.App.Ct. 186 (1983), held that G.L.c.127 §133 does not create an expectation of parole or parole eligibility, but provides only that parole may be granted by the parole board to prisoners. Id. at 191. Thus, G.L.c.127 §133 does not grant to inmates an expectation of parole creating a fundamental liberty interest.
Further, plaintiff has not shown that he was deprived of any liberty interest without proper due process, in fact, plaintiff acknowledges that he received a valid final revocation hearing that was lawfully conducted. Thus, there is no denial of the rights set forth in Morrissey v. Brewer, 408 U.S. 471, 487-88 (1972), where the Supreme Court held that a paroled person was entitled to certain limited rights such as notice and hearing in the conduct of a proceeding to revoke parole. Thus, plaintiffs attempt to establish a liberty interest in his parole under federal and state law is unpersuasive and his assertions are without merit. The individual characteristics of the Massachusetts statutory parole scheme do not give rise to a liberty interest under federal law. Greenman v. Massachusetts Parole Board, 405 Mass. 384, 387, (1989) citing Commonwealth v. Hogan, 17 Mass.App.Ct. 186, 190-92 (1983).
Plaintiff requests that the court declare that the 10-year sentence to MCI-Concord, imposed in 1975 and suspended in 1979, continue from the September 24, 1992 parole revocation date. I decline to make such a declaration, and I rule that as the warrant is lawfully lodged, and has not yet been served, the time served after September 24, 1992 cannot be considered as any part of the term of his 10-year sentence. G.L.c. 127 §149. Plaintiff further requests that the Court order the defendant to compute the time plaintiff has already served on the 10-year sentence prior to April 1979 and add that time to time served since September 24, 1992, and then credit plaintiffs 10-year sentence. I decline to do so. Pursuant to G.L.c. 127 §149, the parolee must serve his entire new sentence before execution of the parole violation warrant activating the remainder of the original sentence. Royce, petitioner, 28 Mass.App.Ct. 397, 402 n.3 (1990) citing Zerbst v. Kidwell, 304 U.S. 359 (1938); Harding v. State Board of Parole, 307 Mass. 217 (1940).
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED, and the plaintiffs complaint is DISMISSED.