COMMONWEALTH *vs.* FRANCIS D. CAPONE, THIRD.

No. 95-P-5.

Barnstable. October 10, 1995. - January 18, 1996.

Present: WARNER, C.J., DREBEN, & IRELAND, JJ.

*Rape. Grand Jury. Practice, Criminal*, Grand jury proceedings, Lesser included offense, Argument by prosecutor. *Attempt. Assault with Intent to Rape. Evidence*, Hearsay, Spontaneous utterance.

At the trial of an indictment for statutory rape, the judge correctly denied the defendant's motion to dismiss where the grand jury heard sufficient evidence to establish the defendant's identity and probable cause for his arrest. [608-609]

At the trial of an indictment for statutory rape, the judge properly instructed the jury on assault with intent to commit statutory rape. [609]

The judge at a criminal trial properly admitted a hearsay statement of the victim under the excited utterance exception to the hearsay rule: the victim's intoxication did not render the statement insufficiently reliable for admission. [609-610]

In the circumstances of a criminal case, questioning by the prosecution regarding the defendant's sexual orientation did not deprive him of a fair trial. [610-612]

INDICTMENTS found and returned in the Superior Court Department on September 14, 1993.

The cases were tried before *Robert A. Mulligan*, J.

*Gary A. Nickerson* for the defendant.

*Julia K. Holler*, Assistant District Attorney, for the Commonwealth.

WARNER, C.J. The defendant, Francis D. Capone, III, was found guilty by a Superior Court jury of indecent assault and battery on a person over the age of fourteen years and of assault with intent to commit statutory rape. On appeal, he argues that it was error for the judge to deny his motion to dismiss the grand jury indictment for statutory rape, to submit a charge of assault with intent to commit statutory rape

to the jury based on a statutory rape indictment, and to admit the victim's hearsay statement. He argues further that he was denied a fair trial due to the prosecutor's questions regarding his sexual orientation. We affirm the convictions.

In September, 1993, the defendant was indicted for statutory rape and for indecent assault and battery on a person over the age of fourteen years. Both indictments arose from a single incident that occurred on August 10, 1993.

The jury could have found the following facts beyond a reasonable doubt. The fourteen year old victim and his friends became acquainted with the defendant at magic shows he performed for neighborhood teenagers. Not long before dark on August 10, 1993, the victim and a group of his friends met the defendant. During that evening, the victim and several of his friends went to a nearby liquor store in the defendant's car where six forty-ounce bottles of malt liquor were purchased for them by a friend of the defendant. The victim drank a great deal of alcohol, and once the group returned from the liquor store, he became sick and began to vomit out the door of Capone's car. The defendant moved the victim out of the car and onto a lawn behind a tree. From the road, it was not possible to see the defendant and the victim. The victim had no recollection of the events that occurred that evening behind the tree.

One friend went down twice to where the defendant and the victim were sitting. The first time, she asked the victim if he was all right, and he told her that he did not want the defendant near him because he was feeling sick. When he made the statement, he was seated next to the defendant. The second time, she went over to the victim and saw the defendant rubbing the victim's left upper inner thigh. When she came over, the defendant quickly moved his hand away.

Another friend also went twice to the area of the tree where the defendant and victim were sitting. The first time, he saw the victim sitting on the defendant's legs. One of the defendant's hands was holding the victim's head as he was vomiting. The other was holding his buttocks. Capone's middle finger was in the crack between the victim's buttocks, but

the friend did not see it moving. The second time the friend went down to see the victim, he saw the defendant's hand in the same place but it was moving slowly on what the friend termed the victim's "butt hole" in the crack. The friend understood the "butt hole" to be the same thing as the crack between the buttocks.

At the close of the Commonwealth's case, the defendant moved for a directed verdict on the statutory rape indictment on the ground that there was insufficient proof of penetration of the anal opening. See *Commonwealth* v. *Nylander*, 26 Mass. App. Ct. 784, 789 (1989). At first, the judge allowed the motion to strike the indictment in its entirety. On reflection, the judge ordered that the case be submitted to the jury on assault with intent to commit statutory rape. The defendant was found guilty of assault with intent to commit statutory rape and indecent assault and battery.

1. *Sufficiency of evidence presented to the grand jury.* Prior to trial, the defendant moved to dismiss the statutory rape indictment for lack of sufficient evidence. The defendant challenges the judge's denial of the motion. There was no error.

The grand jury heard testimony from a friend of the victim that he saw the defendant "using his finger in [the victim's] behind" and that Capone was putting his finger inside the behind, not just in the area. The friend testified that he could not tell specifically whether the hand was inside or outside of the victim's shorts, but he was certain that the defendant's finger was going inside his "behind." In addition, the friend stated that the victim was in a position so that he could see Capone penetrating his finger in the victim's "behind." The friend was confused regarding what the word "penetrate" meant.

Generally a "court will not inquire into the competency or sufficiency of the evidence before the grand jury." *Commonwealth* v. *Robinson,* 373 Mass. 591, 592 (1977), quoting from *Commonwealth* v. *Galvin,* 323 Mass. 205, 211-212 (1948). Nonetheless, "to return a valid indictment, a grand jury must hear 'sufficient evidence to establish the identity of

the accused . . . and probable cause to arrest him.' " *Commonwealth* v. *Fort*, 33 Mass. App. Ct. 181, 183 (1992), quoting from *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982). The evidence required is "considerably less exacting than a requirement of sufficient evidence to warrant a guilty finding." *Commonwealth* v. *O'Dell*, 392 Mass. 445, 451 (1984).

Digital penetration is sufficient to support a charge of rape. *Commonwealth* v. *Mamay*, 5 Mass. App. Ct. 708, 710 (1977), citing *Commonwealth* v. *Gallant*, 373 Mass. 577, 584, 590 (1977). The penetration must be of the anal opening, not simply the groove between the buttocks. *Commonwealth* v. *Nylander*, 26 Mass. App. Ct. at 789.

The grand jury heard sufficient evidence to establish the identity of the defendant and probable cause to arrest him for rape. Based on the witness's testimony, the grand jury could reasonably conclude that digital penetration of the anal opening had occurred. The judge properly denied the defendant's request to dismiss the indictment.

2. *Assault with intent to commit statutory rape as a lesser included offense of statutory rape.* The defendant claims that the judge erred in instructing the jury on assault with intent to commit statutory rape, because that crime is not a lesser included offense of statutory rape, the offense for which the defendant was indicted. There was no error. "[A]ssault with intent to commit a rape on an underaged child is attempted statutory rape." *Commonwealth* v. *Dunne*, 394 Mass. 10, 18 (1985), citing *Commonwealth* v. *Burke*, 390 Mass. 480, 486 (1983). "[A] charge of a completed crime logically includes a charge of an attempt to commit it." *Commonwealth* v. *Gosselin*, 365 Mass. 116, 121 (1974). See also *Commonwealth* v. *Banner*, 13 Mass. App. Ct. 1065, 1066 (1982) ("An attempt to commit a crime is a lesser included offense within the completed offense"). The jury charge was proper.

3. *Admissibility of the victim's hearsay statement.* The defendant challenges the admissibility of the victim's statement that he did not want the defendant near him because

he was feeling sick, on the ground that it was unreliable hearsay.[1] The victim's remarks, made after the defendant moved him behind a tree and while the defendant was sitting next to him, were admissible under the spontaneous utterance exception to the rule against hearsay. "[A]n utterance is spontaneous if it is made under the influence of an exciting event and before the declarant has had time to contrive or fabricate the remark, and thus it has sufficient indicia of reliability. The general rule is that the spontaneous utterance must also tend to qualify, characterize, and explain the underlying event." *Commonwealth* v. *Zagranski*, 408 Mass. 278, 285 (1990) (citations omitted). Here, the victim uttered the statement contemporaneously with the exciting event, before he would have had time to fabricate the remark. The statement characterized the underlying event in a manner different from the defendant's portrayal. The defendant's attorney had been attempting to show, through cross-examination of prosecution witnesses, that the defendant had simply been trying to help the sick victim, not, as was being alleged, attacking him sexually. The victim's statement, which indicated his negative reaction to the defendant's proximity, could properly raise doubts about the defense's characterization of the defendant's behavior.[2]

---

[1]The defendant based his claim of unreliability on the fact that the victim was intoxicated the evening he made the statement. A declarant's intoxication does not in itself render his statement insufficiently reliable for admission. See *Commonwealth* v. *Brown*, 413 Mass. 693, 695 (1992); *Commonwealth* v. *Mendrala*, 20 Mass. App. Ct. 398, 399-402 (1988).

The defendant also contends that the victim's friend's inability to remember clearly the events of the evening makes her statement inadmissible. This argument goes only to the weight of the evidence, not to its admissibility. See *Commonwealth* v. *Walker*, 370 Mass. 548, 568, cert. denied, 429 U.S. 943 (1976).

[2]Alternatively, the statement was admissible under the state of mind exception to the hearsay rule, which permits the admission of a person's statements "as to his present friendliness, hostility, intent, knowledge, or other mental condition . . . to prove such mental condition." Liacos, Massachusetts Evidence § 8.15, at 514 (6th ed. 1994). *Commonwealth* v. *Borodine*, 371 Mass. 1, 7-8 (1976), cert. denied, 429 U.S. 1049 (1977) (evidence concerning the victim's state of mind toward the defendant "is admissible when it relates to a material issue in the trial"). See also *Com-*

4. *Questioning by the prosecution regarding the defendant's sexual orientation.* The prosecutor asked one of the victim's friends, over the defendant's objection, whether he had conversed with the defendant or the victim regarding the defendant's sexual orientation. The witness denied that the defendant had mentioned his sexual orientation to him, but stated that the defendant had invited him "somewhere." The defendant contends that such questions denied him a fair trial.

Questioning by innuendo is disfavored when there is no evidence to support it. *Commonwealth* v. *Fordham*, 417 Mass. 10, 20 (1995). Further, it is error for a prosecutor to make insinuations about a defendant's sexual orientation which are likely to prejudice a defendant. *Commonwealth* v. *Clary*, 388 Mass. 583, 592-593 (1983). It is also improper for a prosecutor to suggest that the fact that the defendant was homosexual made him more likely to commit a crime. See *Commonwealth* v. *Healy*, 393 Mass. 367, 388 (1984) (murder).

The questions would have been better left unasked. We conclude, however, that the inappropriate questions were mitigated by the judge's instruction to the jury that a negative answer provided no evidence for their consideration. See *Commonwealth* v. *White*, 367 Mass. 280, 285 (1975) (judge instructed jury six times during trial and in charge that negative answer to question provided no evidence for their consideration). They were further mitigated by the fact that the defendant's sexual orientation was never expressly stated to the jury and the fact that it was not raised again after the

---

monwealth v. *Tracy*, 349 Mass. 87, 96-97 (1965), cert. denied, 384 U.S. 1022 (1966).

Moreover, the judge properly admitted the statement relying on what he termed a "present sense impression" exception to the hearsay rule, cf. Liacos, Massachusetts Evidence § 1.1, at 2-3, an "exception not [yet] known to Massachusetts practice." *Id.* at 519-520. As to the present sense impression exception, Proposed Mass.R.Evid. 803(1) provides that " '[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness' need not be excluded as hearsay." *Ibid.* See also Fed.R.Evid. 803(1).

testimony of one witness. The prosecutor never indicated to the jury that the defendant was more likely to commit the crime because of his sexual orientation. See *Commonwealth v. Healy, supra* at 388. Further, in his final instructions, the judge informed the jury that they could not be influenced by the nature of the crime charged and that they must be analytical, unemotional, and dispassionate in evaluating the evidence. See *Commonwealth v. Young*, 382 Mass. 448, 463 (1981); *Commonwealth v. Porter*, 24 Mass. App. Ct. 694, 698 (1987). The prosecutor's questions regarding the defendant's sexual orientation did not deny him a fair trial.

*Judgments affirmed.*