**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MANUEL FRANCISCO NEVAREZ,
*Petitioner-Appellant*,

v.

RON E. BARNES, Warden,
*Respondent-Appellee*.

No. 12-17060

D.C. No.
3:12-cv-01912-SI

OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted
April 8, 2014—San Francisco, California

Filed April 25, 2014

Before: Barry G. Silverman, William A. Fletcher,
and Jay S. Bybee, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Habeas Corpus

The panel affirmed the denial of a 28 U.S.C. § 2254 habeas corpus petition raising an *ex post facto* challenge to the application of amended Cal. Penal Code § 2933.6 to deny conduct credits to validated gang affiliates housed in the prison's security housing unit.

When he was validated as a prison gang associate and assessed an indeterminate term in the security housing unit and before § 2933.6 was amended, petitioner was eligible for conduct credits. The panel explained that it was petitioner's intervening conduct—continued gang affiliation—that triggered the reduction in time credits, and concluded that state court's denial of relief was not an objectively unreasonable application of clearly established federal law.

### COUNSEL

Vicki Marolt Buchanan, Sonoma, California, for Petitioner-Appellant.

Jennifer Gwen Ross, Deputy Attorney General, California Department of Justice, San Francisco, California, for Respondent-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PER CURIAM:

Manuel Francisco Nevarez appeals from the district court's denial of his habeas petition challenging the application of amended California Penal Code Section 2933.6 against him as a violation of his right against *ex post facto* application of the law. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2000, Nevarez received a twelve-year prison sentence after being convicted of second-degree robbery. In 2008, Nevarez was convicted of bringing marijuana into prison, and he received an additional three-year sentence. On December 12, 2008, Nevarez was validated as an associate of the Mexican Mafia prison gang and was assessed an indeterminate term in the security housing unit at Pelican Bay State Prison. At the time, California law stated that Nevarez was eligible to earn one day of good conduct credit for every two days served. On January 25, 2010, however, California Penal Code Section 2933.6 was amended to deny conduct credits for inmates who are housed in a security housing unit and are validated gang affiliates:

> (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn

> [sentence reduction conduct] credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct.

Cal. Penal Code § 2933.6(a). Thus, since January 25, 2010, Nevarez has been ineligible to earn conduct credits. None of Nevarez's conduct credits earned before January 25, 2010, however, were forfeited as result of the amendment.

Nevarez filed an administrative claim on the theory that Section 2933.6 violated his constitutional rights under the Constitution's Ex Post Facto Clause. *See* U.S. Const. art. I, § 10, cl. 1. After his administrative claims were exhausted, Nevarez petitioned the Del Norte County Superior Court for a writ of habeas corpus. The superior court denied Nevarez's petition based on *In re Sampson*, 197 Cal. App. 4th 1234 (Cal. Ct. App. 2011), which held that Section 2933.6 did not violate the Ex Post Facto Clause. The *Sampson* court held that Section 2933.6 did not punish "the criminal conduct for which petitioner was imprisoned," nor did it punish any "misconduct that occurred prior to January 25, 2010." *Id.* at 1241. Instead, Section 2933.6(a) punished only *ongoing* prison misconduct:

> [I]f the credit-eliminating amendment to section 2933.6 constitutes punishment, ex post facto principles do not bar its application to petitioner here, because it does not impose punishment for the offense that gave rise to petitioner's prison sentence. Rather, if it punishes, it punishes for conduct that occurred

> after the commission of, or the conviction for, the punishable offense. In other words, petitioner's ineligibility for conduct credit accrual is not punishment for the offense of which he was convicted. Nor is it punishment for gang-related conduct that occurred prior to January 25, 2010, since petitioner was not stripped of conduct credits he had already accrued. It is punishment for gang-related conduct that continued after January 25, 2010.

*Id.* at 1242. Nevarez appealed the superior court's decision, but both a California appellate court and the California Supreme Court summarily denied his appeals.

Nevarez then filed a Section 2254 Petition for a Writ of Habeas Corpus in the Northern District of California. The district court, applying the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254, denied the habeas petition, but granted Nevarez's request for a certificate of appealability. This appeal followed.

## ANALYSIS

We review the district court's decision to deny Nevarez's habeas petition *de novo*. *Dyer v. Hornbeck*, 706 F.3d 1134, 1137 (9th Cir. 2013).

AEDPA provides that for relief to be granted by a federal court on a state habeas petition, the petitioner must show that the state court's denial of relief was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States " or "based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts Supreme Court case law or if it reaches a conclusion different from the Supreme Court's in a case that involves facts that are materially indistinguishable. *See Williams v. Taylor*, 529 U.S. 362, 405 (2000). AEDPA thus imposes a "highly deferential" standard of review, as the Supreme Court has emphasized:

> We have explained that an *unreasonable* application of federal law is different from an *incorrect* application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.

*Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted). Thus, where no decision of the Supreme Court has squarely decided an issue, a state court's adjudication of that issue cannot result in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786 (2011).

Nevarez argues that two Supreme Court decisions involving prison time credits – *Weaver v. Graham*, 450 U.S. 24 (1981) and *Lynce v. Mathis*, 519 U.S. 433 (1997) – clearly establish that amended Section 2933.6 violates his *ex post facto* rights. *Weaver* and *Lynce* make it clear that a post-conviction amendment that withdraws or diminishes a prisoner's time credits for prior conduct violates the Ex Post Facto Clause because such an amendment effectively "increase[s] the punishment for [the prisoner's] criminal acts," *Collins v. Youngblood*, 497 U.S. 37, 43 (1990).

But there's a difference between the facts of this case and the facts in *Weaver* and *Lynce*. In both of those Supreme Court decisions, the diminution in the prisoners' time credits was not triggered by any additional conduct by the prisoners, and thus the diminution punished nothing other than the prisoners' original conviction offense. In this case, however, it is only intervening conduct – *continued* gang affiliation – that triggers the reduction in time credits. That's the critical difference the *Sampson* court focused on: Section 2933.6 does not punish "the criminal conduct for which petitioner was imprisoned," but instead "punishes for conduct that occurred after the commission of, or the conviction for, the punishable offense." *In re Sampson*, 197 Cal. App. 4th at 1241–42.

Whether we agree with that analysis is beside the point because the only question under AEDPA is whether that analysis is an objectively unreasonable application of clearly established federal law. It is not. That amended Section 2933.6 applies only prospectively, only to intervening conduct, and does not result in the forfeiture of credits already earned makes it factually distinguishable from the *ex post facto* holdings in *Weaver* and *Lynce*. *See also Kansas v.*

*Hendricks*, 521 U.S. 346, 370–71 (1997) (law that "permit[ted] involuntary confinement based upon a determination that the person *currently* both suffers from a 'mental abnormality' or 'personality disorder' and is likely to pose a future danger to the public" did "not have retroactive effect" and thus did "not raise *ex post facto* concerns"); *Abed v. Armstrong*, 209 F.3d 63, 66 (2d Cir. 2000) (distinguishing *Lynce* and *Weaver* to find that the *ex post facto* rights of petitioner were not implicated by a directive that prospectively disallowed good-time credits for inmates after they were classified as prison gang members).

Nor does *Greenfield v. Scafati*, 277 F. Supp. 644 (D. Mass. 1967), *summarily aff'd*, 390 U.S. 713 (1968), support Nevarez's position. *Greenfield* held that a Massachusetts statute that imposed sanctions for violations of parole and that was applied to a prisoner who was originally sentenced before its enactment, but who violated his parole after its enactment, violated the prisoner's *ex post facto* rights. Thus, the holding in *Greenfield* could be read to stand for the idea that an *ex post facto* violation can exist even in instances where a prisoner is only punished prospectively for post-enactment conduct.

But *Greenfield* was only a district court ruling that was then summarily affirmed by the Supreme Court, and the Court has "often recognized that the precedential effect of a summary affirmance extends no further than the precise issues presented and necessarily decided by those actions. A summary disposition affirms only the judgment of the court below, and no more may be read into [the Court's] action than was essential to sustain that judgment." *Anderson v. Celebrezze*, 460 U.S. 780, 784 n.5 (1983) (internal quotation marks omitted); *see also Ill. State Bd. of Elections v. Socialist*

*Workers Party*, 440 U.S. 173, 182–83 (1979) (in the context of summary dispositions, "[q]uestions which 'merely lurk in the record' are not resolved, and no resolution of them may be inferred" (citation omitted)).

The district court in *Greenfield* focused its analysis on the right to parole and the consequences of denying or burdening that opportunity. *See* 277 F. Supp. at 646. It did not address a prisoner's *ex post facto* rights outside of that context, nor did it address the situation where the state has increased punishment for ongoing prison misconduct. Thus, given the limited precedential value of summary dispositions and the differences between *Greenfield* and this case, it does not qualify as "clearly established federal law" for purposes of AEDPA.

**AFFIRMED**.