**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS GARCIA, | No. 13-16479 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-01760-EMC |
| v. | |
| RON E. BARNES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Former California state prisoner Carlos Garcia appeals from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253. We review the district court's decision to

deny Garcia's habeas petition de novo, *see Nevarez v. Barnes*, 749 F.3d 1124, 1127

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2014) (per curiam), and we affirm.

In January 2010, while Garcia was still incarcerated, California Penal Code section 2933.6 was amended to deny conduct credits for inmates who are housed in a security housing unit and are validated gang members or associates. Garcia contends that his right to be free from ex post facto laws was violated because his release date was extended when prison officials applied amended section 2933.6 to him. The state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Nevarez*, 749 F.3d at 1128-29 (California court did not unreasonably conclude that section 2933.6 punishes conduct occurring after the original offense). Moreover, on this record, the state court did not make an unreasonable determination of fact when rejecting this claim. *See* 28 U.S.C. § 2254(d)(2).

**AFFIRMED.**

13-16479