**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE A. LEAL, | No. 13-16306 |
| Petitioner - Appellant, | D.C. No. 4:12-cv-02209-PJH |
| v. | |
| CLARK E. DUCART and JEFFREY BEARD[*], | MEMORANDUM[**] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted September 23, 2014[***]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

California state prisoner Jose A. Leal appeals pro se from the district court's

---

[*]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Clark E. Ducart is substituted for his predecessor, G.D. Lewis, as Warden, and Jeffery Beard is substituted for his predecessor, Matthew Cate, as Secretary of the Department of Corrections and Rehabilitation.

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review the district court's decision to deny Leal's habeas petition de novo, *see Nevarez v. Barnes*, 749 F.3d 1124, 1127 (9th Cir. 2014) (per curiam), and we affirm.

In 2006, Leal was convicted of assault with a firearm and sentenced to 12 years. On December 12, 2008, he was validated as an associate of a prison gang and assessed an indeterminate term in the Secured Housing Unit ("SHU"). In January 2010, California Penal Code section 2933.6 was amended to deny conduct credits for inmates who are housed in the SHU and are validated gang members or associates. Leal contends that his right to be free from ex post facto laws was violated because his release date was extended when prison officials applied the statutory amendment to him. The state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Nevarez*, 749 F.3d at 1128-29 (California court did not unreasonably conclude that section 2933.6 punishes conduct occurring after the original offense). Furthermore, on this record, the state court did not make an unreasonable determination of fact when rejecting this claim. *See* 28 U.S.C. § 2254(d)(2).

We construe Leal's argument that the application of amended section 2933.6

violated his due process rights as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**

13-16306