**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARK A. PORRAS, | No. 13-16542 |
| Petitioner - Appellant, | D.C. No. 4:12-cv-03005-PJH |
| v. | |
| MARTIN BITER[*], | MEMORANDUM[**] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 18, 2014[***]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

California state prisoner Mark A. Porras appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition.  We have jurisdiction

---

[*]    Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Martin Biter is substituted as Respondent.

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 2553.[1]  We review the district court's decision to deny Porras's habeas petition de novo, *see Nevarez v. Barnes*, 749 F.3d 1124, 1127 (9th Cir.) (per curiam), *cert. denied*, 135 S. Ct. 295 (2014), and we affirm.

In 2002, Porras pled guilty to three felonies and was sentenced to 16 years. On June 13, 2007, he was validated as an associate of a prison gang and assessed an indeterminate term in the Secured Housing Unit ("SHU").  In January 2010, California Penal Code section 2933.6 was amended to deny conduct credits for inmates who are housed in the SHU and are validated gang members or associates. Porras contends that his right to be free from ex post facto laws was violated because his release date was extended when prison officials applied the statutory amendment to him.  The state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.  *See* 28 U.S.C. § 2254(d)(1); *Nevarez*, 749 F.3d at 1128-29 (California court did not unreasonably conclude that section 2933.6 punishes conduct occurring after the original offense).  Furthermore, the state court's rejection of this claim was not based on an unreasonable determination of facts.  *See* 28 U.S.C. § 2254(d)(2).

**AFFIRMED.**

---

[1] We agree with the parties that Porras's notice of appeal was timely filed on July 7, 2013, the day he handed it to prison authorities for mailing.  *See* Fed. R. App. P. 4(a)(1)(A)*; Houston v. Lack*, 487 U.S. 266, 276 (1988).