**Sergio M. AGUIRRE, Petitioner–Appellant,**

v.

**Raymond MADDEN, Respondent–Appellee.**

No. 13–16022.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2016.*

Filed March 21, 2016.

Mark Eibert, Esquire, Half Moon Bay, CA, for Petitioner–Appellant.

---

* The Honorable Stanley Allen Bastian, District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

Sara Romano, California Department of Justice, San Francisco, CA, for Respondent–Appellee.

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Sergio M. Aguirre appeals the district court's denial of his federal habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c). We affirm.

1. The state court's conclusion that the 2010 amendment to California Penal Code § 2933.6 does not violate the Ex Post Facto Clause was not contrary to clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Nevarez v. Barnes,* 749 F.3d 1124, 1128–29 (9th Cir.2014) (per curiam) (holding that the Supreme Court's *ex post facto* precedents do not clearly establish that amended Section 2933.6 violates the Ex Post Facto Clause).[1]

2. Nor was the state court's decision "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The state court made no factual findings in determining that amended Section 2933.6 does not violate the Ex Post Facto Clause. Therefore, the state court's determination was a legal conclusion governed by 28 U.S.C. § 2254(d)(1), not a factual determination governed by 28 U.S.C. § 2254(d)(2). *See Lopez v. Smith,* —— U.S. ——, 135 S.Ct. 1, 5, 190 L.Ed.2d 1 (2014) (per curiam) (holding that legal conclusions are properly analyzed under § 2254(d)(1), not § 2254(d)(2)).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In *Hinojosa v. Davey,* 803 F.3d 412 (9th Cir.2015), a habeas case in which the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") did not apply, we held that under Ninth Circuit authority amended Section 2933.6 violates the Ex Post Facto Clause. *Id.* at 416, 425. Here, unlike in *Hinojosa,* AEDPA applies. Therefore, we ask only whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Nevarez,* 749 F.3d at 1127. *Hinojosa* did not address this question and does not control our analysis. *See Hinojosa,* 803 F.3d at 418 ("If AEDPA applies here, we are bound by our decision in *Nevarez....*"); *see also Lopez v. Smith,* —— U.S. ——, 135 S.Ct. 1, 2, 190 L.Ed.2d 1 (2014) (per curiam) (emphasizing that AEDPA "prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established' ").