**Joe LOREDO, Petitioner–Appellant,**

v.

**Connie GIPSON, Warden,
Respondent–Appellee.**

No. 13–16283.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2016.*

Filed March 21, 2016.

Mark Eibert, Esquire, Half Moon Bay, CA, for Petitioner–Appellant.

Krista Leigh Pollard, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM **

Joe Loredo appeals the district court's denial of his federal habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c). We affirm.

1. The state court's conclusion that the 2010 amendment to California Penal Code § 2933.6 does not violate the Ex Post Facto Clause was not contrary to clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Nevarez v. Barnes*, 749 F.3d 1124, 1128–29 (9th Cir.2014) (per curiam) (holding that the Supreme Court's *ex post facto* precedents do not clearly establish that amended Section 2933.6 violates the Ex Post Facto Clause).[1]

2. Nor was the state court's decision "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The state court made no factual findings in determining that amended Section 2933.6 does not violate the Ex Post Facto Clause. Therefore, the state court's determination was a legal conclusion governed by 28 U.S.C. § 2254(d)(1), not a factual determination governed by 28 U.S.C. § 2254(d)(2). *See Lopez v. Smith*, —— U.S. ——, ——, 135 S.Ct. 1, 5, 190 L.Ed.2d 1 (2014) (per curiam) (holding that legal conclusions are

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In *Hinojosa v. Davey*, 803 F.3d 412 (9th Cir.2015), a habeas case in which the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") did not apply, we held that under Ninth Circuit authority amended Section 2933.6 violates the Ex Post Facto Clause. *Id.* at 416, 425. Here, unlike in *Hinojosa*, AEDPA applies. Therefore, we ask only whether the state court's decision was "con-

trary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Nevarez*, 749 F.3d at 1127. *Hinojosa* did not address this question and does not control our analysis. *See Hinojosa*, 803 F.3d at 418 ("If AEDPA applies here, we are bound by our decision in *Nevarez*...."); *see also Lopez v. Smith*, —— U.S. ——, 135 S.Ct. 1, 2, 190 L.Ed.2d 1 (2014) (per curiam) (emphasizing that AEDPA "prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established' ").

properly analyzed under § 2254(d)(1), not § 2254(d)(2)).

3. The state court's conclusion that amended Section 2933.6 does not violate the terms of Loredo's plea agreement was not objectively unreasonable under 28 U.S.C. § 2254(d).[2] "Plea agreements are construed in accordance with state law." *Doe v. Harris*, 640 F.3d 972, 975 (9th Cir.2011) (internal quotation marks omitted). Under California law, "the plea agreement will be deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy." *Doe v. Harris*, 57 Cal.4th 64, 158 Cal.Rptr.3d 290, 302 P.3d 598, 600 (2013) (internal quotation marks omitted). Loredo's plea agreement thus incorporated and contemplated California's power to amend the law governing his eligibility for conduct credits. Therefore, California did not breach Loredo's plea agreement by amending Section 2933.6 and restricting his ability to earn conduct credits as a validated gang member.

**AFFIRMED.**

---

**2.** Although the record does not include Loredo's plea agreement, Loredo's federal habeas petition includes representations about the contents of his plea agreement and the circumstances of its negotiation. Appellee has not challenged these representations, and we accept them as true for purposes of this appeal.